**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

Mario Facundo Borrego Briones, Jesus Alberto Marines Carreon, Raul Rios Solis, Pablo Pacheco Del Real,  Antonio Rodarte Garamendi, Ernesto Alvarez Salinas,  Juan Gabriel Alejandro Ramirez, Manuel Mijangos, Jose Luis Rubio Chavarria, Jose Jesus Valtierra Montoya, Nicolas Hernandez Hernandez, Julian Feria Acosta,  Roberto Carlos Bernal Chavez, Jesus Gerardo Cueto Lopez, Aurelio Carrillo Hernandez, Martin Oliva Ponce, Gabriel Martinez Ponce, Antonio Carrillo Hernandez, Silvano Garcia Vega, Christian Osuna Ramos, Leopoldo Zarca  Gonzalez, Luis Mata Lopez, Jose Paz Aguirre Hernandez, Pedro Vargas Ledesma, Angel Geovanni Duran Navarro, Pablo Sanchez Reyes,   Ricardo Rojo Covarrubias, Jorge Rojo Covarrubias,  Juan Sarabia Mendez, Pablo Luna Torres, Martin Alejandre Hernandez, Juan Gerardo Alvarado Gatica,  Miguel Angle Beltran Acevedo, Jose De Jesus Gomez Galvan, Martin Barron Vera, David Gudino Chavarria, German Martinez Hernandez, Joel Aguilar Torres,  Armando Ortiz Rubio, Calixtro Ovando Lima; Rodolfo Delgado Rodriguez, Ramon Rodriguez Araguz, Artemio Garcia Melo, Antonio Moncada Rico, Migueel Angel Castandeda Martinez, Oracio Ramirez Martinez,  Lindolfo Martinez Castro, Ramiro Avalos Camacho,  Martin Jaime Duran Marin, Daniel Hector Davila Martinez, Anselmo Barrios Valdez, Luis Alberto Damian Arroyo, Francisco Negrete Camacho, Juan Luciano,Ortiz,  Duarte, Daniel Moreno Vera, Jorge Flores Baltazar,  Mario Armando Flores Baltazar, Edgar Esteban Rodriguez Hernandez, Pablo Cesar Aguilar Diaz, Alejandro Zuniga, Santiago Mendoza Ramirez, Federico Gonzalez Chantaca, Fermin Rivera Guzman, Miguel Angel Guzman Escogido, Rodrigo Hernandez Cahuich,   Victor Daniel Barrios Rangel, David Arenas Muniz,

      Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, JOHN HERZER,
MIDWEST DRYWALL CO., INC., LENO & COMPANY, LLC,
and LENO ASEUDO a/k/a LENO ACEVEDO,

Defendants.

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants, JNS Construction Services, LLC, and John Herzer, by and through their counsel, remove the above-entitled action from the District Court of the State of Colorado, County of Garfield, to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441 based on the following grounds:

1. On or about January 24, 2008, this civil action was filed in the District Court of the State of Colorado, County of Garfield, entitled <u>David Arenas Muniz et al. v. Midwest Drywall Co., Inc. et al.</u>, Case No. 2008-cv-23. A true and correct copy of the complaint in this action is attached as Exhibit A.

2. This is an action brought by a citizen of Mexico against companies that are organized under the laws of the states of Texas and Colorado and citizens of the state of Texas. Based on the allegations of the Complaint, Plaintiffs seek more than $75,000 in damages. Therefore, it is a suit over which the United States District Court for the District of Colorado would have original "diversity" jurisdiction pursuant to 28 U.S.C. §1332, and is removable to this Court by Defendants pursuant to 28 U.S.C. §1441(a).

3. The first date upon which Defendants JNS Construction Services, LLC

and John Herzer received copies of the summons and complaint was on or about February 4, 2008, when John Herzer, as registered agent, was served with the documents in Austin, Texas.

4. No pleadings or papers have been filed, served, or received by the Defendants in this action other than the summons and the complaint.

5. This Notice of Removal is filed in this Court within 30 days of Defendant's receipt of the Summons and Complaint as required by 28 U.S.C. § 1446(b). The state court in which this action was commenced is within this Court's district. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Dated:   March 4, 2008

Respectfully submitted,

  /s/ Judith A. Biggs

Judith A. Biggs
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, Colorado 80302
Telephone:  (303) 473-2700
Facsimile: (303) 473-2720
E-mail:  jbiggs@hollandhart.com

Chris J. Heaphey
HOLLAND & HART LLP
600 East Main Street, Suite 104
Aspen, Colorado 81611
Telephone: 970) 925-3476
Facsimile: (970-925-9367
E-mail: cjheaphey@hollandhart.com

**ATTORNEYS FOR DEFENDANTS JNS CONSTRUCTION CO., INC. AND JOHN HERZER**

## C<small>ERTIFICATE</small> O<small>F</small> S<small>ERVICE</small>

I certify that on March 4, 2008, I served a copy of the foregoing NOTICE OF REMOVAL to the following by

☒ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax

Donald J. Kaufman
401 Twenty-Third Street, Suite 302
Glenwood Springs, CO 81601-4311


/s/ Karen Kinnear

3839210_1.DOC

# Exhibit A

Complaint
Borrego, et.al. v. JNS Construction Services, et.al. / Garfield County District Court case no.
Page - 1 - of 5

| District Court, Garfield County, Colorado<br>Court Address:   109 Eighth Street<br>                        Glenwood Springs, CO 81601<br>Telephone No.:   (970) 945-5075 | EFILED Document<br>CO Garfield County District Court 9th JD<br>Filing Date: Jan 24 2008 4:15PM MST<br>Filing ID: 18250134<br>Review Clerk: Dilia Blackard |
|---|---|
| PLAINTIFFS:<br><br>Mario Facundo Borrego Briones, 2. Jesus Alberto Marines Carreon, 3. Raul Rios Solis, Pablo Pacheco Del Real, 4. Antonio Rodarte Garamendi, 5. Ernesto Alvarez Salinas, 6. Juan Gabriel Alejandro Ramirez, 7. Manuel Mijangos, 8. Jose Luis Rubio Chavarria, 9. Jose Jesus Valtierra Montoya, 10. Nicolas Hernandez Hernandez, 11. Julian Feria Acosta, 12. Roberto Carlos Bernal Chavez, 13. Jesus Gerardo Cueto Lopez, 14. Aurelio Carrillo Hernandez, 15. Martin Oliva Ponce, 16. Gabriel Martinez Ponce, 17. Antonio Carrillo Hernandez, 18. Silvano Garcia Vega, 19. Christian Osuna Ramos, 20. Leopoldo Zarca Gonzalez, 21. Luis Mata Lopez, 22. Jose Paz Aguirre Hernandez, 23. Pedro Vargas Ledesma, 24. Angel Geovanni Duran Navarro, 25. Pablo Sanchez Reyes, 26. Ricardo Rojo Covarrubias, 27. Jorge Rojo Covarrubias, 28. Juan Sarabia Mendez, 29. Pablo Luna Torres, 30. Martin Alejandre Hernandez, 31. Juan Gerardo Alvarado Gatica, 32. Miguel Angle Beltran Acevedo, 33. Jose De Jesus Gomez Galvan, 34. Martin Barron Vera, 35. David Gudino Chavarria, 36. German Martinez Hernandez, 37. Joel Aguilar Torres, 38. Armando Ortiz Rubio, 39. Calixtro Ovando Lima, 40. Rodolfo Delgado Rodriguez, Ramon Rodriguez Araguz, 41. Artemio Garcia Melo, 42. Antonio Moncada Rico, 43. Migueel Angel Castandeda Martinez, 44. Oracio Ramirez Martinez, 45. Lindolfo Martinez Castro, 46. Ramiro Avalos Camacho, 47. Martin Jaime Duran Marin, 48. Daniel Hector Davila Martinez, 49. Anselmo Barrios Valdez, 50. Luis Alberto Damian Arroyo, 51. Francisco Negrete Camacho, 52. Juan Luciano,Ortiz, 53. Duarte, Daniel Moreno Vera, 54. Jorge Flores Baltazar, 55. Mario Armando Flores Baltazar, 56. Edgar Esteban Rodriguez Hernandez, 57. Pablo Cesar Aguilar Diaz, 58. Alejandro Zuniga, 59. Santiago Mendoza Ramirez, 60. Federico Gonzalez Chantaca, 61. Fermin Rivera Guzman, 62. Miguel Angel Guzman Escogido, 63. Rodrigo Hernandez Cahuich, 64. Victor Daniel Barrios Rangel, 65. David Arenas Muniz.<br><br>v. | ▲     ▲<br><br><br><br><br><br><br><br><br><br><br><br>COURT USE ONLY |

Complaint
Borrego, et.al. v. JNS Construction Services, et.al. / Garfield County District Court case no.
Page - 2 - of 5

| DEFENDANTS:<br><br>JNS Construction Services, LLC, John Herzer (Individually), Midwest Drywall CO, Inc., Leno & Company, LLC, and Leno Aseudo a.k.a. Leno Acevedo (Individually) | |
|---|---|
| Donald J. Kaufman, Esq.<br>KAUFMAN & KAUFMAN, LLC<br>401 Twenty Third Street, Suite 302<br>Glenwood Springs, Colorado 81601<br>(970) 945-2396   FAX:  (970) 945-7763    Email:<br>Attorney Registration Number: 26826<br>kaufman@coloradoattorney.com | Case Number:<br><br><br><br>Division         Courtroom |
| **COMPLAINT FOR DAMAGES** | |

Plaintiffs, by and through KAUFMAN & KAUFMAN L.L.C., their undersigned attorneys, for their complaint against the defendants for damages and other relief as more fully stated hereinafter state and allege as follows:

### C.R.C.P. RULE 16 ELECTION

Plaintiffs' claims herein exceed the sum of $100,000 as a whole, and Plaintiff's elect to have this matter covered under the provisions of C.R.C.P. Rule 16.

### VENUE

Venue is proper in Garfield County, Colorado because this action involves wages that were supposed to be paid in Glenwood Springs, Garfield County, Colorado and because it also involves contracts that provided that each contract was to be performed in Glenwood Springs, Garfield County, Colorado and because the tort that was alleged to have been committed was committed by Defendants in Glenwood Springs, Garfield County, Colorado.

### FIRST CLAIM FOR RELIEF—UNPAID WAGES AND STATUTORY PENALTIES

1. Plaintiffs are all Mexican citizens, who, at all times herein material, were in the possession of valid Mexican passports, proper identification, and valid class H2B visas permitting them to work in the United States exclusively for Defendant JNS Construction Services, L.L.C. (hereinafter referred to as JNS) from November 28, 2007 to January 11, 2008. Plaintiffs have conformed to the requirements of Colorado House Bill 06S – 1023.

2. JNS Construction Services, LLC is a for profit enterprise based in the State of Texas and is doing business in the state of Colorado, and whose business is to recruit,

Complaint
Borrego, et.al. v. JNS Construction Services, et.al. / Garfield County District Court case no.
Page - 3 - of 5

contract with and transport laborers from Mexico who are willing and able to live, and work in the State of Colorado. JNS hires laborers, from Mexico, which it subcontracts out to other employers as temporary employees.

3. In 2007, JNS contracted with Midwest Drywall Company, a Colorado Corporation,(hereinafter referred to as Midwest) to supply laborers to it and in furtherance of that arrangement, in November, 2007, JNS recruited the Plaintiffs and hired Plaintiffs to come from Mexico to live and work in Glenwood Springs, Colorado as temporary employees. The Plaintiffs are third party beneficiaries' of the JNS – Midwest contract for employment. Also in furtherance of the contract to hire Plaintiffs, JNS filed paperwork and obtained Visas for each of the Plaintiffs, and in addition filed additional documents with the Government.

4. JNS was acting as a labor placement agency for Midwest. JNS and Midwest are employers as defined by C.R.S. §8-4-101 (5)"

5. John Herzor (Herzer) is a principal owner/operator, and agent, responsible for the actions of JNS. Herzor is individually and personally responsible and liable for the actions of the defendant(s).

6. Kelly E. Stillings (hereinafter referred to as Stillings) contracted with JNS for Midwest as an agent, to import, transport, employ and utilize the labor of the plaintiffs in Glenwood Springs, Colorado and further to locate and house them in Glenwood Springs, Colorado.

7. Leno & Company, LLC and Leno Aseudo (hereinafter referred to as Leno) acting individually worked as an agent of JNS and Midwest as recruiting agents to assemble, contact, organize the Plaintiffs as employees. As an Agent both Leno and his company are individually liable for damages. Leno & Company, LLC and Leno Aseudo (hereinafter referred to as Leno) are employers as defined by C.R.S. §8-4-101 (5)"

8. Plaintiffs traveled to Glenwood Springs, Colorado from Mexico in performance of the employment contract with the Defendants. The Defendants

9. In breach and violation of the contracts of employment between The Defendants and Plaintiffs, The Defendants not pay Plaintiffs when they arrived in Colorado and Plaintiffs were left without funds, housing or other living assistance. As the direct and proximate result of the breach of employment contracts by the Defendants, the Plaintiffs suffered damages for unpaid wages, travel expenses to and from their homes in Mexico, and living expenses incurred while traveling and working for Defendants.

10. Each Plaintiff has spent a minimum of $400.00 paid to JNS, to be employed. Each individual Plaintiff paid in excess of $250.00 per person to travel to the United States as part of their employment with the Defendants.

Complaint
Borrego, et.al. v. JNS Construction Services, et.al. / Garfield County District Court case no.
Page - 4 - of 5

11. A statutory Demand for Payment of Wages was served on the Defendants by certified mail, at least thirty days prior to the commencement of this action and Defendants have not responded by paying the wages that are due. The compensation that was due these employees is due pursuant to CRS §8-4-101 *et seq*.

12. Each Plaintiff is entitled to the penalties from the Defendants provided for under the statute C.R.S. §8-4-109 (3) through C.R.S §8-1-110, together with interest thereon as provided by law.

13. Plaintiffs are entitled to the following damages:
    a. $910.00/per Employee/Week; for a period of 3 weeks per Plaintiff which is a total of three Weeks of Employment per Plaintiff ($177,450.00)
    b. Transportation expenses,
    c. Living expenses, in Colorado,
    d. Application fees,
    e. General, Special, and Punitive Damages,
    e. Reasonable attorney's fees and costs.

SECOND CLAIM FOR RELIEF—DAMAGES DUE TO DETRIMENTAL RELIANCE

14. The Plaintiffs incorporate herein paragraphs 1 through 14 as if said allegations were fully set forth herein.

15. The Plaintiffs left their homes in Mexico and traveled to Glenwood Springs, Colorado in reliance upon Defendants' promises of employment.

16. The Plaintiffs reliance upon the promises of Defendants was reasonable and was justified.

17. The Plaintiffs would not have traveled to Glenwood Springs, Colorado but for the promises of Defendants.

18. Plaintiffs spent their time and incurred living and transportation expenses due to their detrimental reliance on the Defendants' promises of employment and Plaintiffs suffered damages as the proximate cause of the breach of those promises.

THIRD CLAIM FOR RELIEF—DAMAGES FOR OUTRAGEOUS CONDUCT

19. The Plaintiffs incorporate herein paragraphs 1 through 14 as if said allegations were fully set forth herein;

20. The treatment accorded to the Plaintiffs by the Defendants was outrageous and went beyond the bounds of conduct permitted by a civilized society.

22. Plaintiffs are entitled to general and special damages from Defendants, in addition to their wages, penalties and expense reimbursement, and for special damages to be proven at trial.

Wherefore, Plaintiffs pray for the entry of Judgment in their favor and against the Defendants, jointly and severally, for their lost wages, statutory penalties, application fees, travel expenses, living expenses, emotional anguish, punitive damages for wanton and willful egregious misconduct, reasonable attorneys fees, interest as provided by law, and such other and further relief as the Court deems proper.

Dated: January 24, 2008

**KAUFMAN & KAUFMAN, LLC**


Original in file.

_____
Donald J. Kaufman, Esq.
401 Twenty Third Street, Suite 302
Glenwood Springs, Colorado 81601-4311
(970) 945-2396 Fax (970) 945-7763

VERIFICATION AND ACKNOWLEDGEMENT

I swear/affirm under oath that I have read the foregoing Complaint and that the statements set forth therein are true and correct to the best of my knowledge.

Original in file.

_____
Manuel Mijangos
Subscribed and affirmed, or sworn to before me in the County of Garfield, State of

Colorado, this _____ day of _____, 2008.

My Commission Expires: _____
Notary Public/Clerk