IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, JESUS ALBERTO MARINES CARREON,
RAUL RIOS SOLIS, PABLO PACHECO DEL REAL, ANTONIO RODARTE
GARAMENDI, ERNESTO ALVAREZ SALINAS, JUAN GABRIEL ALEJANDRO
RAMIREZ, MANUEL MIJANGOS, JOSE LUIS RUBIO CHAVARRIA, JOSE JESUS
VALTIERRA MONTOYA, NICOLAS HERNANDEZ HERNANDEZ, JULIAN FERIA
ACOSTA, ROBERTO CARLOS BERNAL CHAVEZ, JESUS GERARDO CUETO
LOPEZ, AURELIO CARRILLO HERNANDEZ, MARTIN OLIVA PONCE, GABRIEL
MARTINEZ PONCE, ANTONIO CARRILLO HERNANDEZ, SILVANO GARCIA VEGA,
CHRISTIAN OSUNA RAMOS, LEOPOLDO ZARCA GONZALEZ, LUIS MATA LOPEZ,
JOSE PAZ AGUIRRE HERNANDEZ, PEDRO VARGAS LEDESMA, ANGEL
GEOVANNI DURAN NAVARRO, PABLO SANCHEZ REYES, RICARDO ROJO
COVARRUBIAS, JORGE ROJO COVARRUBIAS, JUAN SARABIA MENDEZ, PABLO
LUNA TORRES, MARTIN ALEJANDRE HERNANDEZ, JUAN GERARDO ALVARADO
GATICA, MIGUEL ANGEL BELTRAN ACEVEDO, JOSE DE JESUS GOMEZ GALVAN,
MARTIN BARRON VERA, DAVID GUDINO CHAVARRIA, GERMAN MARTINEZ
HERNANDEZ, JOEL AGUILAR TORRES, ARMANDO ORTIZ RUBIO, CALIXTRO
OVANDO LIMA; RODOLFO DELGADO RODRIGUEZ, RAMON RODRIGUEZ
ARAGUZ, ARTEMIO GARCIA MELO, ANTONIO MONCADA RICO, MIGUEEL ANGEL
CASTANDEDA MARTINEZ, ORACIO RAMIREZ MARTINEZ, LINDOLFO MARTINEZ
CASTRO, RAMIRO AVALOS CAMACHO, MARTIN JAIME DURAN MARIN, DANIEL
HECTOR DAVILA MARTINEZ, ANSELMO BARRIOS VALDEZ, LUIS ALBERTO
DAMIAN ARROYO, FRANCISCO NEGRETE CAMACHO, JUAN LUCIANO ORTIZ
DUARTE, DANIEL MORENO VERA, JORGE FLORES BALTAZAR, MARIO
ARMANDO FLORES BALTAZAR, EDGAR ESTEBAN RODRIGUEZ HERNANDEZ,
PABLO CESAR AGUILAR DIAZ, ALEJANDRO ZUNIGA, SANTIAGO MENDOZA
RAMIREZ, FEDERICO GONZALEZ CHANTACA, FERMIN RIVERA GUZMAN,
MIGUEL ANGEL GUZMAN ESCOGIDO, RODRIGO HERNANDEZ CAHUICH, VICTOR
DANIEL BARRIOS RANGEL, DAVID ARENAS MUNIZ,  RICARDO GOZALEZ
MIRANDA; and MIDWEST DRYWALL COMPANY, INC.,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, JOHN HERZER, LENO & COMPANY, LLC,
and LENO ASEUDO,

Defendants.

---

## AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. This action was originally brought by workers who were admitted to the United States to work under the H-2B temporary foreign worker visa program in the Colorado Ninth Judicial District Court in Glenwood Springs, Colorado.

2. The individual Plaintiffs were employed by the Defendants.

3. The individual Plaintiffs seek redress for the Defendants' violations of their rights under the laws of the United States and the State of Colorado. The Plaintiffs left their homes and families and spent considerable money and effort to come to the United States to perform arduous jobs, which the Defendants have certified that American workers were not willing to do.

4. The individual Plaintiffs are non-English speakers who had little, if any, understanding of their legal rights while working in the United States as H-2B workers – particularly their legal rights to receive a prevailing hourly wage and overtime pay. The Defendants took full advantage of the individual Plaintiffs' inability to speak or understand English, and their lack of understanding of the laws of the United States to grossly underpay them or in some cases not pay the workers at all.

5. The individual Plaintiffs made themselves' available, and traveled internationally in the service of, on behalf of and for the Defendants, at great personal risk and expense. The individual Plaintiffs were very vulnerable to the Defendants' coercion and exploitation. The Defendants' enterprise caused the individual Plaintiffs to be insolvent in a foreign country. It was the intention of the Defendants' to control the individual Plaintiffs by making them economically powerless to repatriate to Mexico or free to leave. The individual Plaintiffs, in a foreign country were detained by the economic distress and coercion created by the Defendants' actions. The individual Plaintiffs seek an award of unpaid wages, an award of money damages, declaratory relief, and injunctive relief to make them whole for damages they suffered due to the Defendants' violations of law and contract and to ensure that they will not be subject by the Defendants to such illegal conduct in the future.

## JURISDICTION

6. Jurisdiction is conferred upon this court by 28 U.S.C. Section 1331 and 28 U.S.C. Section 1337, together with this action arising under Acts of Congress regulating commerce, 29 U.S.C. Section 1854(a), and this action arising under the Fair Labor Standards Act ("FLSA").

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. section(s) 2201 and 2202.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 (b) and (c) and 29 U.S.C. Section 1854 (a).

## PARTIES

9. The Plaintiffs are:

    1. Plaintiff MARIO FACUNDO BORREGO BRIONES is a citizen of Mexico who presently resides and is domiciled at the following 461 Donegan Rd, Glenwood Springs, CO 81601.

    2. Plaintiff JESUS ALBERTO MARINES CARREON is a citizen of Mexico who presently resides at the following address: Allende #708 Zona Centro C.P. 25870 Castanos, Coah, Mexico.

    3. Plaintiff RAUL RIOS SOLIS is a citizen of Mexico who presently resides and is domiciled at the following address: 992 Cottonwood Ln Glenwood Springs CO 81601.

    4. Plaintiff PABLO PACHECO DEL REAL is a citizen of Mexico who presently resides at the following address: Venustiana Carranza s/n, La Presa, C.P. 63555, Santiago Ixcuintla, Na, Mexico.

    5. Plaintiff ANTONIO RODARTE GARAMENDI is a citizen of Mexico who presently resides and is domiciled at the following address: 461 Donegan Rd. Glenwood Springs, CO 81601.

    6. Plaintiff ERNESTO ALVAREZ SALINAS is a citizen of Mexico who presently resides at the following address: 23050 Two Rivers Rd. #2, Basalt, CO 81681.

7. Plaintiff <u>JUAN GABRIEL ALEJANDRO RAMIEREZ</u> is a citizen of Mexico who presently resides at the following address: Poblado C-41, Calle #1, Casa #32, Huimanguillo, Tabasco, C.P. 86000, Mexico.

8. Plaintiff <u>MANUEL MIJANGOS</u>, is a citizen of Mexico who presently resides at the following address. 461 Donegan RD, Glenwood Springs, Colorado 81601.

9. Plaintiff <u>JOSE LUIS RUBIO CHAVARRIA</u> is a citizen of Mexico who presently resides at the following address: El Chalahuite, Pisaflores, Hgo. C.P. 42230, Mexico.

10. Plaintiff <u>JOSE JESUS VALTIERRA MONTOYA</u> is a citizen of Mexico who presently resides at the following address:1 De Mayo 3, El Perico, C.P. 38400, Valle de Santiago, Gto. Mexico.

11. Plaintiff <u>NICOLAS HERNANDEZ HERNANDEZ</u>  is a citizen of Mexico who presently resides at the following address: 23050 Two Rivers Rd. #2, Basalt, CO 81621.

12. Plaintiff <u>JULIAN FERIA ACOSTA</u> is a citizen of Mexico who presently resides at the following address: Ave Ingeniero Eduardo Molina #7332, Constituyentes de la Republica, C.P. 7460 Gustavo A. Madero, D.F. Mexico.

13. Plaintiff <u>ROBERTO CARLOS BERNAL CHAVEZ</u> is a citizen of Mexico who presently resides at the following address: Orralia Dominguez # 219, Unidad Habitacional, Fidel Velazquez, C.P. 78436, Soledad de G. Sanchez, S.L.P. Mexico.

14. Plaintiff <u>JESUS GERARDO CUETO LOPEZ</u> is a citizen of Mexico who presently resides at the following address: Francisco Villa #274, Jesus M Garza, C.P. 66180 Sta. Catarina, N.L. Mexico.

15. Plaintiff <u>AURELIO CARRILLO HERNANDEZ</u> is a citizen of Mexico who presently resides at the following address: Togo #115, Arenal Infonavit, C.P. 89344 Tampico, Tamps. Mexico.

16. Plaintiff <u>MARTIN OLIVA PONCE</u> is a citizen of Mexico who presently resides at the following address: Fco. Sarabia #18 Chapulhuacan Hg. C.P. 42280, Mexico.

17. Plaintiff <u>GABRIEL MARTINEZ PONCE</u> is a citizen of Mexico who presently resides at the following address: Had. El Potrero #121, Los Pinos 2 Sector Apodaca, N.L. Mexico.

18. Plaintiff <u>ANTONIO CARRILLO HERNANDEZ</u> is a citizen of Mexico who presently resides at the following address: Carlos Alberto Madrazo #114, Jose Lopez Portillo, C.P. 89338, Tampico, Tamps, Mexico.

19. Plaintiff <u>SILVANO GARCIA VEGA</u> is a citizen of Mexico who presently resides at the following address: San Rafael s/n San Rafael, C.P. 42290 Chapulhuacan, Hgo. Mexico.

20. Plaintiff <u>CHRISTIAN OSUNA RAMOS</u> is citizen of Mexico who presently resides at the following address:

21. Plaintiff <u>LEOPOLDO ZARCA GONZALEZ</u> is a citizen of Mexico who presently resides at the following address: AV Acueductio 20, Col Ampl Tulpetlac 55418 Ecatepec De Morelos Mexico.

22. Plaintiff <u>LUIS MATA LOPEZ</u> is a citizen of Mexico who presently resides at the following address: C Barra De Aparejo 148 Fracc Tercer Milineum 89600 Altamira Tamps Mexico

23. Plaintiff <u>JOSE PAZ AGUIRRE HERNANDEZ</u>  is a citizen of Mexico who presently resides and is domiciled at the following address: 461 Donegan Rd, Glenwood Springs, CO 81601

24. Plaintiff <u>PEDRO VARGAS LEDESMA</u> is a citizen of Mexico who presently resides at the following address: Morelos s/n, El Perico, C.P. 38400, Valle de Santiago, Gto. Mexico.

25. Plaintiff <u>ANGEL GEOVANNI DURAN NAVARRO</u> is a citizen of Mexico who presently resides at the following address: Torres #3, Col. Obera, Santiago Ixcuincla, Nayarit, Mexico.

26. Plaintiff <u>PABLO SANCHEZ REYES</u> is a citizen of Mexico who presently resides at the following address: Avenida Hidalgo #69, San Miguel Tamazunchale, C.P. 79961, San Luis Potosi, Mexico.

27. Plaintiff <u>RICARDO ROJO COVARRUBIAS</u> is a citizen of Mexico who presently resides at the following address: La Arena s/n, La Arena, C.P. 42234, Pisaflores, Hgo. Mexico..

28. Plaintiff <u>JORGE ROJO COVARRUBIAS</u> is a citizen of Mexico who presently resides at the following address: La Arena s/n, La Arena, C.P., 42234, Pisaflores, Hgo. Mexico.

29. Plaintiff <u>JUAN SARABIA MENDEZ</u> is a citizen of Mexico who presently resides at the following address: Comunidad el Perico, Valle de Santiago, Gto., C.P. 38400, Mexico.

30. Plaintiff <u>PABLO LUNA TORRES</u> is a citizen of Mexico who presently resides at the following address: Caleta #3427, Riveras del Rio, Guadalupe, N.L., C.P. 67160, Mexico.

31. Plaintiff <u>MARTIN ALEJANDRE HERNANDEZ</u> is a citizen of Mexico who presently resides at the following address: Revolucion Verde, Tampico #3, Tampico, Tamauipas, Mexico.

32. Plaintiff <u>JUAN GERARDO ALVARADO GATICA</u> is a citizen of Mexico who presently resides at the following address: Rancho California #227, Rancho Viejo 2 Sector, C.P., 67190, Guadalupe, N.L. Mexico.

33. Plaintiff <u>MIGUEL ANGEL BELTRAN ACEVEDO</u> is a citizen of Mexico who presently resides at the following address: Quimichin Mza. 52 Lt. 2, Barrio Pescadores C.P. 56367, Mexico.

34. Plaintiff <u>JOSE DE JESUS GOMEZ GALVAN</u> is a citizen of Mexico who presently resides at the following address: Orquidea 319, Lagos de Chapultepec C.P. 66489, San Nicolas de los Garza, N.L. Mexico.

35. Plaintiff <u>MARTIN BARRON VERA</u> is a citizen of Mexico who presently resides at the following address: La Compania s/n, La Compania, C.P. 38400, Valle de Santiago Santiago, Gto. Mexico.

36. Plaintiff <u>DAVID GUDINO CHAVARRIA</u> is a citizen of Mexico who presently resides at the following address: El Chalahuite s/n, El Chalahuite, C.P. 42230, Pisaflores, Hgo. Mexico.

37. Plaintiff <u>GERMAN MARTINEZ HERNANDEZ</u> is a citizen of Mexico who presently resides at the following address: Basilio La Nueva Esperanza, Chapolhuacan Hgo. Mexico.

38. Plaintiff <u>JOEL AGUILAR TORRES</u> is a citizen of Mexico who presently resides and is domiciled at the following address: 23050 Two River Rd #2, Basalt, Colorado 81601.

39. Plaintiff <u>ARMANDO ORTIZ RUBIO</u> is a citizen of Mexico who presently resides at the following address: El Capulin s/n, el Capulin, C.P. 42298, Chapulhuacan, Hgo. Mexico.

40. Plaintiff <u>CALIXTRO OVANDO LIMA</u> is a citizen of Mexico who presently resides at the following address: Emilio Portes Gil #403, Esfuerzo Obrero C.P. 89364 Tampico, Tamps, Mexico.

41. Plaintiff <u>RODOLFO DELGADO RODRIGUEZ</u> is a citizen of Mexico who presently resides at the following address: Lazaro Cardenas s/n Canada Del Tabaco C.P. 63579 Santiago Ixcuintla, Nayarit, Mexico.

42. Plaintiff <u>RAMON RODRIGUEZ ARAGUZ</u> is a citizen of Mexico who presently resides at the following address: Calle Rio Coatzacoaicos #608 Colonia Zaragoza, Linares, N.L., C.P. 67780, Mexico.

43. Plaintiff <u>ARTEMIO GARCIA MELO</u> is a citizen of Mexico who presently resides at the following address: La Gloria s/n, La Gloria, Chapulhuacan, Hgo. C.P. 42280, Mexico.

44. Plaintiff <u>ANTONIO MONCADA RICO</u> is a citizen of Mexico who presently resides at the following address: Juchipila #327, Canada Blanca, Guadalupe, N.L. C.P. 67114, Mexico.

45. Plaintiff <u>MIGUEL ANGEL CASTANDEDA MARTINEZ</u> is a citizen of Mexico who presently resides at the following address: Peatonal Poniente #417, Lomas de Sta. Catarina, Sta, Catarina, N.L., C.P. 66359, Mexico.

46. Plaintiff <u>ORACIO RAMIREZ MARTINEZ</u> is a citizen of Mexico who presently resides at the following address: Primero de Mayo, #2711, Benito Juarez, Altamira, Tamps.,C.P. 89600, Mexico.

47. Plaintiff <u>LINDOLFO MARTINEZ CASTRO</u> is a citizen of Mexico who presently resides at the following address: El Zocohuite s/n El Zocohuite, Ciudad Valles, S.L.P., C.P. 79250, Mexico.

48. Plaintiff <u>RAMIRO AVALOS CAMACHO</u> is a citizen of Mexico who presently resides at the following address: C Sin Nombre #13 s/n, El Zocohuite, Ciudad Valles, S.L.P. , C.P. 79250, Mexico.

49. Plaintiff <u>MARTIN JAIME DURAN MARIN</u> is a citizen of Mexico who presently resides at the following address: Servando Murillo s/n, La Escondida, Linares, N.L., Mexico.

50. Plaintiff <u>DANIEL HECTOR DAVILA MARTINEZ</u> is a citizen of Mexico who presently resides at the following address: Chihuahua #135, Nicolas Bravo, San Nicolas de los Garza, N.L. C.P. 66410, Mexico.

51. Plaintiff <u>ANSELMO BARRIOS VALDEZ</u> is a citizen of Mexico who presently resides at the following address: Ruben Dario #68, La Jungla, Martinez de la Torre, Veracruz, C.P. 93620, Mexico.

52. Plaintiff <u>LUIS ALBERTO DAMIAN ARROYO</u> is a citizen of Mexico who presently resides at the following address:Gertrudis Vargas # 10, Miravalle, Valle de Santiago, Gto. C.P. 38400, Mexico.

53. Plaintiff <u>FRANCISCO NEGRETE CAMACHO</u> is a citizen of Mexico who presently resides at the following address: Villagran y Moroleon #118, Col. Gto. Salamanca, Gto. C.P. 36780, Mexico.

54. Plaintiff <u>JUAN LUCIANO ORTIZ DUARTE</u> is a citizen of Mexico who presently resides at the following address: Puebla #410, Huinala Apodaca, N.L. C.P. 66640, Mexico.

55. Plaintiff <u>DANIEL MORENO VERA</u> is a citizen of Mexico who presently resides at the following address: La Compania, Valle de Santiago, Gto. C.P. 38400, Mexico.

56. Plaintiff <u>JORGE FLORES BALTAZAR</u> is a citizen of Mexico who presently resides at the following address: Miguel Hidalgo #20, La Compania, Valle de Santiago, Gto. C.P. 38400, Mexico.

57. Plaintiff <u>MARIO ARMANDO FLORES BALTAZAR</u> is a citizen of Mexico who presently resides at the following address: Miguel Hidalgo #20, La Compania, Valle de Santiago, Gto. C.P. 38400 Mexico.

58. Plaintiff <u>EDGAR ESTEBAN RODRIGUEZ HERNANDEZ</u> is a citizen of Mexico who presently resides at the following address: Paseo de las Colinas #126, Las Reynas, Salamanca, Gto. C.P. 36720, Mexico.

59. Plaintiff <u>PABLO CESAR AGUILAR DIAZ</u> is a citizen of Mexico who presently resides at the following address: Republica Bolivia #131, Satelite, C.P. 78380, Mexico.

60. Plaintiff <u>ALEJANDRO ZUNIGA</u> is a citizen of Mexico who presently resides at the following address: La Compania s/n, La Compania, Valle de Santiago, Gto. C.P. 38400, Mexico.

61. Plaintiff <u>SANTIAGO MENDOZA RAMIREZ</u> is a citizen of Mexico who presently resides at the following address: Privada Mendoza #27, San Antonio de Teran, Valle de Santiago, Gto. C.P. 38400, Mexico.

62. Plaintiff <u>FEDERICO GONZALEZ CHANTACA</u> is a citizen of Mexico who presently resides at the following address: Morelos #1, Rancho El Perico, Valle de Santiago C.P. 38400, Guanajuato, Mexico.

63. Plaintiff <u>FERMIN RIVERA GUZMAN</u> is a citizen of Mexico who presently resides at the following address: Privada H. Ayuntamiento #1608, Linda Vista, Sta. Anita Huiloac, C.P. 90300 Apizaco, Tlaxcala, Mexico.

64. Plaintiff <u>MIGUEL ANGEL GUZMAN ESCOGIDO</u> is a citizen of Mexico who presently resides at the following address: Republica Bolivia #118, Satelite, C.P. 78380, San Luis Potosi, Mexico.

65. Plaintiff <u>RODRIGO HERNANDEZ CAHUICH</u> is a citizen of Mexico who presently resides at the following address: Inglaterra #215 Gaviotas Sur Centro, C.P. 86090 Tabasco Mexico.

66. Plaintiff <u>VICTOR DANIEL BARRIOS RANGEL</u> is a citizen of Mexico who presently resides at the following address: Camecuaro #518 La Bria, Leon Guanajuato, Mexico.

67. Plaintiff <u>DAVID ARENAS MUNIZ</u> is a citizen of Mexico who presently resides at the following address: Monterrey M.L. Address Unknown.

68. Plaintiff <u>RICARDO GONZALEZ MIRANDA</u> is a citizen of Mexico who presently resides and is domiciled at the following address: 461 Donegan Rd. Glenwood Springs, CO, 81601.

69. Midwest Drywall Company, Inc. (""Midwest"), a Kansas corporation, authorized to do business in Colorado with offices at 1500 Devereux, Unit B, Glenwood Springs, Colorado 81601.

10. At all times relevant to this action, individual Plaintiffs were H-2B temporary foreign workers within the meaning of 8 U.S.C. Section(s) 1101(a) (15) (H) (ii) (b).

11. At all times relevant to this action the individual Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. Section 203 (e) (1).

12. At all times relevant to this action, the individual Plaintiffs were employed by the Defendants within the meaning of 29 U.S.C. Section 203 (g)

13. At all times relevant to this action, the individual Plaintiffs were employed by the Defendants in an enterprise engaged in commerce or the production of goods for commerce.

14. Defendant JNS Construction Services, LLC (JNS) is a Texas corporation which conducts business in Colorado. JNS conducts business in Colorado and had significant contacts with the state of Colorado and this District such that jurisdiction and venue are proper in this Court.

15. Defendant John Herzer's (Herzer) citizenship is not known to the Plaintiffs. Herzer conducts business in Colorado and had significant contacts with the state of Colorado and this District such that jurisdiction and venue are proper in this Court.

16. Defendant Leno & Company, LLC (Leno Company) is a Texas limited liability company which conducts business in Colorado. Leno Company conducts

business in Colorado and had significant contacts with the state of Colorado and this District such that jurisdiction and venue are proper in this Court.

17. Defendant Leno ("Leno") Aseudo's citizenship is not known to the Plaintiffs.   Leno conducts business in Colorado and had significant contacts with the state of Colorado and this District such that jurisdiction and venue are proper in this Court.

18. At all times relevant to this action, Defendants employed the individual Plaintiffs within the meaning of 29 U.S.C. Section 1802 (5) and 29 U.S.C. Section 203 (g).

19. The Defendant(s) JNS, Herzer, Leno and Leno Company falsely asserted to the Department of Labor (DOL) and to the individual Plaintiffs that Midwest was to employ individual Plaintiffs.

20. The individual Plaintiffs were admitted to the United States to be employed as members of labor crews organized and managed by the Defendants.  Each of the individual Plaintiffs was issued a temporary visa, commonly referred to as an "H-2B visa," as authorized by 8 U.S.C. Section 1101(a) (15) (H) (ii) (b), its attendant regulations, 8 C.F.R. Section 214.2(h) (6), 20 C.F.R. Section 655.3, and administrative letters and/or guidance.  After being admitted to enter the United States, the individual Plaintiffs were employed by the Defendants in the United States.

21. The individual Plaintiffs spent considerable sums of money to process their H-2B work visas and travel from their home villages to the United States.  These costs were incurred by the individual Plaintiffs for the primary benefit of Defendants.

22. In addition, as a condition of being hired, many of the individual Plaintiffs borrowed money to be employed by the Defendants from "loan sharks" in Mexico.  These lenders offered unsecured loans that have very high interest rates, often backed by blackmail and threats of violence to provide credit to the individual Plaintiffs who were unable to obtain lending from more respectable sources.  The Defendants were aware of and capitalized upon the plight of the individual Plaintiffs and by not paying the individual Plaintiffs and exploiting this economic disparity they had a very coercive effect upon the individual Plaintiffs.  The Defendants also threatened the individual Plaintiffs with retaliation from U.S. Immigration and  Customs Enforcement

(ICE) which is the largest and primary investigative    arm of the United States Department of Homeland Security (DHS) in the event the individual Plaintiffs did not comply with the Defendants unreasonable demands, actions and coercion.

23. The Defendants' actions as described in paragraph 26 constitute forced labor and/or trafficking into servitude as defined by the <u>Trafficking Victims Protection Reauthorization Act</u>, contravening the policies and purposes of that Act.  The trafficking of human beings is the recruitment, transportation, harboring, or receipt of people for the purpose of exploitation. Trafficking victims typically are recruited using coercion, deception and **fraud**, **the abuse of power**.  The actions, threats and economic leverage caused the individual Plaintiffs to consent to the exploitation.

24. As a condition of obtaining H-2B visas for the individual Plaintiffs, the Defendants certified to the United States Department of Labor that, inter alia, the wages of the individual Plaintiffs would equal or exceed the applicable prevailing wage, and that the job would not contravene Federal, State or local law, including applicable requirements of the H-2B program, as set out in Department of  Labor regulations and administrative interpretations.

25. The Defendants did not timely provide adequate disclosures of information regarding the work and its details to the individual Plaintiffs.  When the Defendants did provide information to the individual Plaintiffs regarding work, housing, and manner of compensation, the information was fraudulent, false and misleading.

26. The Defendants did not issue accurate and complete records regarding the employment of the individual Plaintiffs.  The records the Defendants kept of the individual Plaintiffs' work were inadequate, inaccurate, false and misleading.

27. The individual Plaintiffs, at great personal risk and expense, traveled from their remote villages in Mexico to Glenwood Springs, Colorado on behalf of the Defendants.

28. The Defendants failed to pay the individual Plaintiffs the minimum wage for all the work they performed.

29. The Defendants failed to pay the individual Plaintiffs the proper prevailing wage for all the work they performed.

30. The Defendants failed to pay the individual Plaintiffs overtime wages for all the work they performed in excess of forty (40) hours in a given workweek.

<u>**COUNT I**</u>

<u>**UNPAID WAGES AND STATUTORY PENALTIES**</u>

31. The Plaintiffs incorporate paragraphs 1 through 30, as if said allegations were fully set forth herein.

32. Individual Plaintiffs are all Mexican citizens, who, at all times material, were in the possession of valid Mexican passports, proper identification, and valid class H-2B visas permitting them to work in the United States exclusively for Defendant JNS from November 28, January 11, 2008. Individual Plaintiffs have conformed to the requirements of Colorado House Bill 06S – 1023.

33. JNS is a for profit enterprise based in the State of Texas and is doing business in the state of Colorado, and whose business is to recruit, contract with and transport laborers from Mexico who are willing and able to live, and work in the State of Colorado. JNS hires laborers, from Mexico, which it subcontracts out to other employers as temporary employees.

34. In November, 2007, JNS recruited the individual Plaintiffs and hired Plaintiffs to come from Mexico to live and work in Glenwood Springs, Colorado as temporary employees. Also in furtherance of the contract to hire individual Plaintiffs, JNS filed paperwork and obtained visas for each of the individual Plaintiffs, and in addition filed additional documents with Governmental agencies.

35. JNS was acting as a labor placement agency. JNS is an employer as defined by C.R.S. §8-4-101 (5).

36. John Herzer (Herzer) is a principal owner/operator, and agent, responsible for the actions of JNS. Herzer is individually and personally responsible and liable for the actions of the Defendants.

37. Leno Company and Leno, acting individually worked as an agent of JNS as recruiting agents to assemble, contact, and organize the individual Plaintiffs as

employees. As an agent both Leno and his company are individually liable for damages. Leno Company and Leno are employers as defined by C.R.S. §8-4-101 (5).

38. The individual Plaintiffs traveled to Glenwood Springs, Colorado from Mexico in performance of the employment contract with the Defendants.

39. In breach and violation of the contracts of employment between the Defendants and individual Plaintiffs, the Defendants did not pay individual Plaintiffs when they arrived in Colorado and individual Plaintiffs were left without funds, housing or other living assistance. As the direct and proximate result of the breach of employment contracts by the Defendants, the individual Plaintiffs suffered damages for unpaid wages, travel expenses to and from their homes in Mexico, and living expenses incurred while traveling and working for Defendants.

40. Each individual Plaintiff has spent a minimum of $400.00 paid to JNS, to be employed. Each individual Plaintiff paid in excess of $250.00 to travel to the United States as part of his employment with the Defendants.

41. A statutory Demand for Payment of Wages was served on the Defendants by certified mail, at least thirty days prior to the commencement of this action and Defendants have not responded by paying the wages that are due. The compensation that was due these employees is due pursuant to CRS §8-4-101 *et seq.*

42. Each individual Plaintiff is entitled to the penalties from the Defendants provided for under the statute C.R.S. §8-4-109 (3) through C.R.S §8-1-110, together with interest thereon as provided by law.

43. Individual Plaintiffs are entitled to the following damages:

a. $910.00/per Employee/Week; for a period of 3 weeks per Plaintiff, which is a total of three Weeks of Employment per Plaintiff ($177,450.00)

b. Transportation expenses,

c. Living expenses, in Colorado,

d. Application fees,

e. General, Special, and Punitive Damages,

f. Reasonable attorney's fees and costs.

## COUNT II

## DAMAGES DUE TO DETRIMENTAL RELIANCE

44. The individual Plaintiffs incorporate herein paragraphs 1 through 43 as if said allegations were fully set forth herein.

45. The individual Plaintiffs left their homes in Mexico and traveled to Glenwood Springs, Colorado in reliance upon Defendants' promises of employment.

46. The individual Plaintiffs reliance upon the promises of Defendants was reasonable and was justified.

47. The individual Plaintiffs would not have traveled to Glenwood Springs, Colorado but for the promises of Defendants.

48. Individual Plaintiffs spent their time and incurred living and transportation expenses due to their detrimental reliance on the Defendants' promises of employment and individual Plaintiffs suffered damages as the result of the breach of those promises.

## COUNT III

## DAMAGES FOR OUTRAGEOUS CONDUCT

49. The individual Plaintiffs incorporate herein paragraphs 1 through 48 as if said allegations were fully set forth herein;

50. The treatment accorded to the individual Plaintiffs by the Defendants was outrageous and went beyond the bounds of conduct permitted by a civilized society.

51. As the direct and proximate result of the outrageous conduct of Defendants, the individual Plaintiffs suffered emotional anguish, lost sleep, anxiety, fear and suffered from extreme emotional upset.

52. Individual Plaintiffs are entitled to general and special damages from Defendants, in addition to their wages, penalties and expense reimbursement, and for special damages to be proven at trial.

## COUNT IV

## FAIR LABOR STANDARDS ACT

53. This count sets forth a claim for declaratory relief and damages for the Defendants' violations of the minimum wage and overtime provisions of the FLSA.

54. The individual Plaintiffs allege and incorporate by reference all the allegations set forth in paragraphs 1 through 52 above.

55. The Defendants violated 29 U.S.C. Section 206(a) by failing to pay each of the individual Plaintiffs the applicable minimum wage for   every compensable hour of labor they performed.

56. The Defendants violated 29 U.S.C. Section 207(a) by failing to pay the individual Plaintiffs at an hourly rate equal to one and a half times their regular rate of pay for compensable time they were employed in excess of forty (40) hours in each workweek.

57. The violations of the FLSA set out in the above paragraphs resulted in part from the Defendants' failure to pay the individual Plaintiffs as promised.

58. The violations of the FLSA set out in the above paragraphs, in part, resulted from the Defendants' failure to reimburse the individual Plaintiffs for expenses they incurred which were primarily for the benefit of the Defendants.

59. The violations of the FLSA set out above, resulted, in part, from the Defendants' unlawful withholding and deductions from the wages of the individual Plaintiffs.

60. The Defendants' failures to pay the individual Plaintiffs their federally mandated minimum wages, and their federally mandated overtime wages for all time they were employed in excess of forty (40) hours in a workweek, were willful violations of the FLSA within the meaning of 29 U.S.C. Section 255(a).

61. As a consequence of the Defendants' violations of the FLSA, the individual Plaintiffs are entitled to recover their unpaid minimum and overtime wages, plus additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b).

**COUNT V**

**HUMAN TRAFFICKING**

**TRAFFICKING VICTIMS PROTECTION ACT ("TVPA")**
**ALIEN TORT CLAIMS ACT ("ATCA")**

62. Plaintiffs incorporate paragraphs 1 through 61, as if said allegations were fully set forth herein.

63. The individual Plaintiffs, citizens of Mexico, bring this action to recover for damages inflicted by the Defendants. Evidence exists that would substantiate that the Defendants exploited and defrauded individual Plaintiffs in recruiting based on false pretenses to work in the United States. Defendants filed false and fraudulent documents with the Department of Labor regarding the availability of jobs at Midwest. Defendants were effectuating a broad scheme of psychological coercion and threatened abuse of the legal process to keep individual Plaintiffs in their control. Defendants promised work with Midwest, and relying on this promise individual Plaintiffs lawfully obtained H-2B visas and traveled to the United States. Upon arriving in the United States, however, Plaintiffs were transported to Colorado absent the work they were promised. In Colorado, Defendants forced individual Plaintiffs to remain in a hotel for an average of nearly 80 hours per week, paying them far below the federal and state minimum wage, or not at all. Defendants restricted individual Plaintiffs' travel and communication with the outside world; deprived individual Plaintiffs of adequate food; made fraudulent claims about their ability to effectuate individual Plaintiffs' arrest, imprisonment, and/or deportation by U.S. law enforcement authorities; and generally perpetrated a campaign of coercion and fraud designed to keep individual Plaintiffs intimidated and unable to leave. Isolated, disoriented, unable to speak English, and unfamiliar with their rights under American law, individual Plaintiffs were exploited by Defendants and felt powerless to escape.

## COUNT VI

## Forced Labor, 18 U.S.C. § 1589

64. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. This claim is brought under 18 U.S.C. § 1595 of the Trafficking Victims Protection Act.

66. Defendants subjected individual Plaintiffs to forced labor in violation of 18 U.S.C. § 1589.

67. Defendants subjected individual Plaintiffs to intense psychological and verbal abuse, which was designed to coerce individual Plaintiffs into believing that they would suffer serious harm if they were to leave the employ of Defendants in violation of 18 U.S.C. § 1589(2).

68. Defendants closely controlled and monitored the movements of individual Plaintiffs in such a way that made individual Plaintiffs feel as if they were physically restrained from leaving the employ of Defendants in violation of 18 U.S.C. § 1589(2).

69. Defendants threatened individual Plaintiffs with deportation by immigration officials and imprisonment by U.S. law enforcement agents, deceived individual Plaintiffs about the terms of their visas, in a manner that constituted an abuse of the legal process under 18 U.S.C. § 1589(3).

70. The individual Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate.

71. This claim is brought under 18 U.S.C. § 1595 of the Trafficking Victims Protection Act.

72. Defendants recruited and transported individual Plaintiffs for the purpose of subjecting them to forced labor in violation of 18 U.S.C. § 1590.

73. Defendants recruited individual Plaintiffs in Mexico with the intention of subjecting them to forced labor. Individual Plaintiffs were told that they would be working with Midwest in the drywall industry in Western Colorado for $15 per hour. Instead, upon arriving in Colorado, they were warehoused without an ability to object or leave.

74. The individual Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate.

75. This Court has jurisdiction over these violations of international law pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350.

76. Defendants subjected individual Plaintiffs to involuntary servitude and/or forced labor, which are violations of the law of nations and customary international law as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities. One international instrument defines forced labor as "all work or service which is exacted from any person under the menace of any penalty and for which the said person has not offered himself voluntarily." Convention Concerning Forced or Compulsory. Labor art. 2, May 1, 1932, 39 U.N.T.S. 55. 276.

77. The Defendants engaged in acts including, but not limited to, the illegal manipulation of legal and financial documents, psychological coercion, threats of the abuse of the legal process, and threats of economic destruction, combined with the financial ruin of Mexican loan sharks to exact from Plaintiffs work or service which the individual Plaintiffs had not offered voluntarily.

78. Aiding and abetting involuntary servitude and/or forced labor is also in violation of the law of nations and treaties of the United States and is actionable through the Alien Tort Claims Act, 28 U.S.C. § 1350.

79. Defendants aided and abetted the imposition of involuntary servitude and/or forced labor by directing, ordering, conspiring to commit, or aiding the imposition of involuntary servitude and/or forced labor. The individual Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate. Alien Tort Claims Act, 28 U.S.C. § 1350 Human Trafficking This Court has jurisdiction over this violation of international law pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350.

80. Defendants engaged in human trafficking, which is a violation of the law of nations and customary international law as reflected, expressed, and defined in unilateral

treaties and other international instruments, international and domestic judicial decisions, and other authorities.

81. One international instrument defines human trafficking as: [T]he recruitment, transportation, transfer, harboring or receipt of persons, by means of the threat or use of force or other forms of coercion, of abduction, of fraud, of deception, of the abuse of power or of a position of vulnerability or of the giving or receiving of payments or benefits to achieve the consent of a person having control over another person, for the purpose of exploitation. Protocol to Prevent, Suppress, and Punish Trafficking in Persons, Especially Women and Children, Supplementing the United Nations Convention Against Transnational Crime art. 1, Nov. 15, 2003, 55 U.N. GAOR Supp. (No. 49) at 60, U.N. Doc. A/45/49 (Vol. I) (2001), 40 I.L.M. 335.

82. Defendants engaged in acts including, but not limited to, the recruitment, transportation, transfer, harboring, or receipt of individual Plaintiffs. These acts were conducted through the use of fraud, deception, the abuse of power, and/or a position of vulnerability. Defendants trafficked individual Plaintiffs for the purposes of obtaining forced labor or services.

83. Aiding and abetting human trafficking is also a violation of the law of nations and treaties of the United States and is actionable through the Alien Tort Claims Act, 28 U.S.C. § 1350.

84. Defendants aided and abetted human trafficking by directing, ordering, conspiring to commit, or aiding human trafficking.

85. The individual Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief deemed appropriate.

## COUNT VII
## FEDERAL RACKETEERING INFLUENCED
## CORRUPT ORGANIZATIONS ACT ("RICO")

86. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 85 of this complaint as if fully set forth herein.

87. Upon information and belief, the Defendants have a long-lasting and continuing relationship and represent an association-in-fact, and therefore an enterprise, for the purposes of 18 U.S.C. § 1961(4).

88. Upon information and belief, the Defendants have contracted with labor contractors or recruiters over the course of multiple years; these long-lasting and continuing relationships also represent an association-in-fact, and therefore an enterprise, for the purposes of 18 U.S.C. § 1961(4).

89. Upon information and belief, the Defendants have contracted with employers over the course of multiple years; these long-lasting and continuing relationships also represent an association-in-fact, and therefore an enterprise, for the purposes of 18 U.S.C. § 1961(4).

90. Defendants organized and participated in a criminal worker exploitation scheme designed to fraudulently obtain approval to employ H-2B workers in order to subject the workers to forced labor and exploit them for personal profit.

91. In furtherance of this criminal worker exploitation scheme, Defendants unlawfully conducted the affairs of an enterprise, both directly and indirectly, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

92. Defendants knowingly and willfully committed the following predicate acts under RICO, 18 U.S.C. § 1961(1):

    a. subjected individual Plaintiffs to forced labor in violation of 18 U.S.C. § 1589(2)-(3);

    b. recruited and transported individual Plaintiffs for the purpose of subjecting them to forced labor in violation of 18 U.S.C. § 1590;

    c. fraudulently obtained H-2B visas by knowingly making false claims and statements about the nature and location of the work and the wage to be paid in violation of 18 U.S.C. § 1546;

    d. committed mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, respectively, by sending fraudulent visa applications to U.S. DOL and U.S. CIS; and

93. The predicate acts of racketeering activity described above constitute a "pattern of racketeering activity" as defined in 18 U.S.C. § 1961(5). 49

94. The predicate acts were related to one another: they were committed against the same individuals (the individual Plaintiffs) and for the same purposes (furtherance of the criminal worker exploitation scheme and personal profit).

95. The predicate acts were related to the enterprise. Defendants could not successfully conduct the criminal worker exploitation scheme without the associations that formed the enterprise. Upon information and belief, the racketeering activity took place over the course of multiple years.

96. Such acts of racketeering activity have been part of the Defendants' regular way of doing business through the enterprise, which implies a threat of continued criminal activity.

97. The individual Plaintiffs bring suit under 18 U.S.C. § 1964 to recover treble damages for injuries sustained by individual Plaintiffs as a result of the RICO Defendants' violation of 18 U.S.C. § 1962(c).

## COUNT VII

## <u>Obtaining Workmen by Misrepresentation</u>

98. Plaintiffs incorporate by reference paragraphs 1 through 97 of their Amended Complaint.

99. Defendants induced, influenced, persuaded and engaged individual Plaintiffs to come to the State of Colorado to work

100. Defendants made false and deceptive representations to individual Plaintiffs concerning the kind and character of work to be done and the amount and character of the compensation to be paid for such work.

101. Individual Plaintiffs incurred damages in an amount to be proven at trial as a result of Defendants' false and deceptive representations.

102. Pursuant to Colo.Rev.Stat. § 8-2-107, as amended, in addition to their actual damages, individual Plaintiffs are entitled to recover from Defendants the attorney fees incurred by them to prosecute this action.

## COUNT VIII

## <u>CIVIL CONSPIRACY</u>

103. Plaintiffs incorporate by this reference, paragraphs 1 through 102 of their Amended Complaint.

104. Defendants agreed, by words and conduct, to accomplish an unlawful goal and to accomplish a goal through unlawful means.

105. One or more unlawful acts were performed to accomplish the goal and one or more acts were performed to accomplish the unlawful goal.

106. The Plaintiffs have sustained damages and losses in an amount to be proven at trial, which were caused by the acts performed by Defendants to accomplish the unlawful goal.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

1. Declaring that the Defendants willfully violated the minimum wage and overtime provisions of the FLSA.

2. Granting judgment in favor of the individual Plaintiffs, jointly and severally, in their claims under the FLSA and awarding each of these individual Plaintiffs his unpaid minimum wage and overtime wage and an equal amount in liquidated damages;

3. Granting judgment in favor of the individual Plaintiffs for general and special damages from Defendants, in addition to their wages, penalties and expense reimbursement, and for special damages to be proven at trial, including lost wages, statutory penalties, application fees, travel expenses, living expenses, emotional anguish, punitive damages for wanton and willful egregious misconduct, reasonable attorneys fees, interest as provided by law, and such other and further relief as the Court deems proper.

4. Awarding Plaintiffs the costs of this action;

5. Awarding Plaintiffs reasonable attorneys' fees with respect to their State, FLSA and RICO claims, pursuant to 18 U.S.C § 1964(c) (RICO); 29 U.S.C. § 216(b) (FLSA) and Colo.Rev.Stat. 8-2-107;

6. Awarding Plaintiffs compensatory and punitive damages in an amount to be determined at trial, as provided by 18 U.S.C. § 1589 (forced labor) and 18 U.S.C. § 1590.

7. Awarding compensatory and punitive damages to individual Plaintiffs for violations of international law under the Alien Tort Claims Act, 28 U.S.C. § 1350, in an amount to be determined at trial;

8. Awarding treble damages to individual Plaintiffs for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, in an amount to be determined at trial;

9. Granting such further relief as is just and equitable.

Respectfully submitted April 24, 2008


 /s/  Donald J. Kaufman_____

Donald J. Kaufman
KAUFMAN & KAUFMAN, LLC
401 23rd Street, Suite 302
Glenwood Springs, Colorado 81601
Telephone: (970) 945-2396
Facsimile: (970) 945-7763
E-mail: kaufman@coloradoattorney.com
ATTORNEYS FOR THE PLAINTIFFS

 /s/  Bruce Anderson_____
Kenneth R. Stettner
Bruce Anderson
Stettner Miller, P.C.
1050 17th Street
Suite 700
Denver, Colorado 80265-2008
303.534.0273
303.534.5036(facsimile)
E-mail: banderson@stetmil.com
ATTORNEYS FOR MIDWEST DRYWALL COMPANY, INC.

<p style="text-align:center; color:red;">CERTIFICATE OF SERVICE</p>

I certify that on April 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Charles J. Kimball: knpc@qwest.net

And I certify that I have mailed or served the document to the client in the manner (mail, hand-delivery, etc.) indicated by the client's name:

John Herzer (e-mail)
JNS Construction Services, Inc.
jch@jnslabor.com

_____
Kaufman & Kaufman, LLC

H:\BRUCE\MIDWEST DRYWALL\ARENA-MUNIZ-d\PLDS\US DIST\2008-04-23 Federal Complaint.docx