IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, ET AL,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, ET AL,

Defendants.

---

**ANSWER OF LENO & COMPANY, LLC AND LENO ASEUDO**

**TO AMENDED COMPLAINT**

---

COME now Defendants Leno & Company, LLC and Leno Aseudo, by their attorneys Charles J. Kimball and Kimball & Nespor, P.C. and file their Answer to the Amended Complaint of Plaintiffs.

The paragraph numbers of this Answer correspond to the paragraph numbers of the Amended Complaint.

Defendants deny all allegations of the Amended Complaint not expressly admitted herein.

1. The action was brought by the named Plaintiffs. Defendants do not know whether the other allegations of paragraph 1 are true, and therefore deny the same.

2. It is denied that the Plaintiffs were employed by these answering Defendants, who do not know the extent to which, if at all, other Defendants employed Plaintiffs.

3. As to paragraph 3, Plaintiffs are not entitled to any redress as to these Defendants. These Defendants did not certify that American workers were not willing to

do subject work. The Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 3.

4. These Defendants did not take advantage of Plaintiffs, as they allege. These Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 4.

5. Plaintiffs were not in the service of, or acting on behalf of, these Defendants. These Defendants did not (1) exploit or coerce Plaintiffs, (2) cause them to be insolvent, (3) control them or make them economically powerless to return to Mexico or leave, or (4) detain them by economic distress or coercion. It appears from the Complaint that most of the Plaintiffs have returned to Mexico. Plaintiffs are not entitled to any relief they seek, as to these Defendants.

6, 7 and 8. These paragraphs allege legal conclusions as to jurisdiction, venue and the Court's power.

9 and subparagraphs 1 through 69 thereof. These Defendants do not know whether these allegations are true and therefore deny the same. It appears that most of the named individual Plaintiffs returned to Mexico.

10, 11 and 12. Plaintiffs there allege legal conclusions. Plaintiffs were not employed by these Defendants.

13. Plaintiffs were not employed by these Defendants in any enterprise.

14. These Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 14.

15. These Defendants lack sufficient knowledge to admit or deny the allegations of paragraph 15.

16. Defendant Leno & Company is a Texas LLC. It does business in Colorado. Whether it has sufficient contacts with Colorado to make jurisdiction and venue over it proper in this Court requires a legal determination.

17. Leno Aseudo is a Texas resident. He does not do business in Colorado and does not have sufficient contacts with Colorado to make jurisdiction and venue over him proper in this Court.

18. Defendants deny the allegations of paragraphs 18.

19. Defendants deny the allegations of paragraphs 19.

20. Defendant never organized, managed or employed Plaintiffs as alleged, nor agreed to do so. Defendants do not know whether Plaintiffs received visas as alleged.

21. Defendants do not know what, if any, money plaintiffs spent, as alleged. Such funds, if any, were not spent for the primary benefit of these Defendants.

22. Defendants do not know what money, if any, Plaintiffs borrowed. Defendant did not employ or agree to employ Plaintiffs. These Defendants did not capitalize on the alleged plight of Plaintiffs. These Defendants do not and did not owe or pay Plaintiffs any amounts. The Defendants did not threaten Plaintiffs with retaliation, as alleged.

23. Defendants did not take actions, as alleged in paragraph 26. Plaintiffs allege legal conclusions in paragraph 23.

24. These Defendants did not certify, as alleged in paragraph 24.

25. The Defendants had no obligation to disclose information, as alleged in paragraph 25. They did not provide fraudulent, false or misleading information, as alleged.

26. These Defendants had no obligation to issue records, as alleged in paragraph 26, or keep records of their work, as alleged, and they did not do so.

27. These Defendants do not know whether Plaintiffs traveled at risk and had expenses as alleged. They did not do so on behalf of these Defendants.

28. These Defendants had no obligation to pay Plaintiffs, who did not perform work for these Defendants, and they did not do so.

29. These Defendants had no obligation to pay Plaintiffs, who did not perform work for these Defendants, and they did not do so.

30. These Defendants had no obligation to pay Plaintiffs, who did not perform work for these Defendants, and they did not do so.

## AS TO COUNT 1

31. These Defendants admit, deny and allege as stated above.

32, 33, 34, 35 and 36. Paragraphs 32, 33, 24, 35 and 36 relate to JNS Construction Services, LLC and John Herzer These Defendants do not know whether the allegations of paragraphs 32 through 36 are true.

37. The Defendants deny the allegations of paragraph 37.

38. The Defendants did not have employment contracts with Plaintiffs, who therefore did not travel, as alleged, for these Defendants.

39 and 40.    The Defendants had no employment contracts with Plaintiffs, had no obligation to pay them and did not do so. Defendants do no know what funds Plaintiffs had, amounts they spent or what, if any, damages they had.

41.    Leno and Company, LLC did receive a Demand for Payment, although it does not recall that the demand was sent by certified mail. Defendants did not pay Plaintiffs and had no obligation. No amounts are due Plaintiffs from these Defendants.

42 and 43. The Defendants deny the allegations of paragraph 42 and 43, as to them.

## AS TO COUNT II

44.    These Defendants admit, deny and allege as stated above.

45, 46, 47 and 48.    These Defendants made no promises as alleged and Plaintiffs suffered no damages as a result of any promises of these Defendants, as alleged.

## AS TO COUNT III

49.    The Defendants admit, deny and allege as stated above.

50, 51 and 52. These Defendants deny the allegations of paragraphs 50, 51 and 52 of the Complaint, as to them.

## AS TO COUNT IV

53.    Count IV does not properly allege any claim against these Defendants.

54.    The Defendants admit, deny and allege as stated above.

55, 56, 57, 58, 59, 60 and 61. These Defendants deny the allegations of paragraphs 55, 56, 57, 58, 59, 60 and 61, as to them.

## AS TO COUNT V

62.    The Defendants admit, deny and allege as stated above.

63.    These Defendants deny the allegations of paragraph 63, as to these Defendants.

## AS TO COUNT VI

64.     The Defendants admit, deny and allege as stated above.

65, 71, 75, 78, 81 and 83.     These paragraphs allege legal conclusions.

66, 67, 68, 69, 70, 72, 73, 74, 76, 77, 79, 80, 82, 84 and 85. These Defendants deny the allegations of paragraphs 66, 67, 68, 69, 70, 72, 73, 74, 76, 77, 79, 80, 82, 84 and 85, as to them.

## AS TO COUNT VII

86.     The Defendants admit, deny and allege as stated above.

87, 88, 89, 90,91, 92, 93, 94, 95, 96 and 97.   The Defendants deny the allegations of paragraphs 87, 88, 89. 90, 91, 92, 93, 94, 95, 96 and 97, as to them.

## AS TO THE SECOND COUNT NUMBERED COUNT VII,

## ON PAGE 22 OF THE COMPLAINT

98.     The Defendants admit, deny and allege as stated above.

99, 100, 101 and 102.   The Defendants deny the allegation of paragraphs 99, 100, 101 and 102, as to them.

## AS TO COUNT VIII

103.    The Defendants admit, deny and allege as stated above.

104, 105 and 106.     Defendants Deny the allegations of paragraphs 104, 105 and 106, as to these Defendants.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs lack personal jurisdiction over these Defendants.

2.     Plaintiffs lack subject matter jurisdiction over these Defendants.

3. The Complaint fails to state any claim upon which relief can be granted as to these Defendants.

4. Plaintiffs' claims are barred or reduced because of their assumption of risk.

5. Plaintiffs' claims are barred or reduced because of the absence of causation.

6. Plaintiffs' claims are barred or reduced by the doctrine of waiver.

7. Plaintiffs' claims are barred or reduced by the doctrine of estoppel.

8. Plaintiffs' claims are barred or reduced by Plaintiffs' failure of consideration.

9. Plaintiffs' claims are barred or reduced by Plaintiffs' failure to mitigate damages, if any.

10. Plaintiffs' claims are barred or reduced by acts or omissions of others over which these Defendants lacked control.

11. Plaintiffs' claims are barred or reduced by Plaintiffs' failure to meet conditions precedent.

12. Plaintiffs' claims are barred by pertinent statutes of limitation and/or the doctrine of laches.

Wherefore, these Defendants pray that the Amended Complaint, including all claims, be dismissed, as to them, and that Defendants be awarded from Plaintiffs the Defendants' costs and attorney's fees incurred in this action.

*Original signature on file and available for viewing at the law offices of Kimball & Nespor, P.C.*

_____

Charles J. Kimball, #1319
KIMBALL & NESPOR, P.C.
5400 Ward Road, Building III, Suit 150

                                          Arvada, Colorado 80002
                                          303.940.3335  Telephone
                                          303.940.8832  Facsimile
                                          knpc@qwestoffice.net
                                          Attorneys for Defendants Leno & Company, LLC
                                          And Leno Asuedo

## CERTIFICATE OF SERVICE

       I certify that a true and correct copy of the above document was serviced via email this 12th day of May, 2008 to:

Donald J. Kaufmamn and
Kaufman & Kaufman LLC
By email:  kaufman@coloradoattorney.com

Kenneth R. Stettner
Bruce Anderson
Stettner & Miller, P.C.
By email:  banderson@stenmil.com

Kenneth Wincorn
The Law Offices of Kenneth G. Wincorn
kwincorn@wincorn.com

Kristi Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter LLP
kblumhardt@mdmlawco.com


                                          *Original signature on file and available for viewing at the*
                                          *law offices of Kimball & Nespor, P.C.*
                                            _____
                                            Charles J. Kimball