IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, JESUS ALBERTO MARINES CARREON, RAUL RIOS SOLIS, PABLO PACHECO DEL REAL, ANTONIO RODARTE GARAMENDI, ERNESTO ALVAREZ SALINAS, JUAN GABRIEL ALEJANDRO RAMIREZ, MANUEL MIJANGOS, JOSE LUIS RUBIO CHAVARRIA, JOSE JESUS VALTIERRA MONTOYA, NICOLAS HERNANDEZ HERNANDEZ, JULIAN FERIA ACOSTA, ROBERTO CARLOS BERNAL CHAVEZ, JESUS GERARDO CUETO LOPEZ, AURELIO CARRILLO HERNANDEZ, MARTIN OLIVA PONCE, GABRIEL MARTINEZ PONCE, ANTONIO CARRILLO HERNANDEZ, SILVANO GARCIA VEGA, CHRISTIAN OSUNA RAMOS, LEOPOLDO ZARCA GONZALEZ, LUIS MATA LOPEZ, JOSE PAZ AGUIRRE HERNANDEZ, PEDRO VARGAS LEDESMA, ANGEL GEOVANNI DURAN NAVARRO, PABLO SANCHEZ REYES, RICARDO ROJO COVARRUBIAS, JORGE ROJO COVARRUBIAS, JUAN SARABIA MENDEZ, PABLO LUNA TORRES, MARTIN ALEJANDRE HERNANDEZ, JUAN GERARDO ALVARADO GATICA, MIGUEL ANGEL BELTRAN ACEVEDO, JOSE DE JESUS GOMEZ GALVAN, MARTIN BARRON VERA, DAVID GUDINO CHAVARRIA, GERMAN MARTINEZ HERNANDEZ, JOEL AGUILAR TORRES, ARMANDO ORTIZ RUBIO, CALIXTRO OVANDO LIMA; RODOLFO DELGADO RODRIGUEZ, RAMON RODRIGUEZ ARAGUZ, ARTEMIO GARCIA MELO, ANTONIO MONCADA RICO, MIGUEEL ANGEL CASTANDEDA MARTINEZ, ORACIO RAMIREZ MARTINEZ, LINDOLFO MARTINEZ CASTRO, RAMIRO AVALOS AMACHO, MARTIN JAIME DURAN MARIN, DANIEL HECTOR DAVILA MARTINEZ, ANSELMO BARRIOS VALDEZ, LUIS ALBERTO DAMIAN ARROYO, FRANCISCO NEGRETE CAMACHO, JUAN LUCIANO ORTIZ DUARTE, DANIEL MORENO VERA, JORGE FLORES BALTAZAR, MARIO ARMANDO FLORES BALTAZAR, EDGAR ESTEBAN RODRIGUEZ HERNANDEZ, PABLO CESAR AGUILAR DIAZ, ALEJANDRO ZUNIGA, SANTIAGO MENDOZA RAMIREZ, FEDERICO GONZALEZ CHANTACA, FERMIN RIVERA GUZMAN, MIGUEL ANGEL GUZMAN ESCOGIDO, RODRIGO HERNANDEZ CAHUICH, VICTOR DANIEL BARRIOS RANGEL, DAVID ARENAS MUNIZ, RICARDO GOZALEZ MIRANDA; and MIDWEST DRYWALL COMPANY, INC.,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, JOHN HERZER, LENO & COMPANY, LLC, and LENO ASEUDO,

Defendants.

## DEFENDANT JOHN HERZER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW, Victor Morales, Kristi L. Blumhardt, and C. Adam Foster, of the law firm of MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, on behalf of Defendant John Herzer ("Herzer"), and in support of Herzer's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and 12(e), state as follows:

## I.   INTRODUCTION

The principle facts underlying Plaintiffs' claims are that an employment relationship was allegedly created between Plaintiffs and either Defendant JNS Construction Services, LLC ("JNS") or Leno and Company.  All claims purportedly arise out of this alleged employment relationship.  Plaintiffs specifically assert only one claim against Herzer – Count I, unpaid wages and statutory penalties under the Colorado Wage Act.  (Amended Complaint, Docket No. 23 ¶ 31-43) In this claim, Plaintiffs assert Herzer is individually and personally responsible and liable for the actions of the Defendants. (Id. at ¶36)  Colorado's Wage Act however does not confer personal liability for wage claims against corporate officers.  As a result, Plaintiffs fail to state a claim upon which relief can be granted.  It appears this is the only claim pertaining to Herzer as an individual as Plaintiffs do not assert he has personal liability with any other claim.  To the extent Plaintiffs are asserting Herzer has personal liability as to other claims, Herzer moves for dismissal pursuant to Fed.R.Civ.P. 12(e).

## II. BACKGROUND FACTS

Plaintiffs assert several claims against several defendants in this matter. Herzer is identified in the caption and is identified in the list of parties. (Docket No. 23, ¶ 12). Herzer is specifically identified as "a principal owner/operator, and agent, responsible for the actions of JNS. Herzer is individually and personally responsible and liable for the actions of the Defendants," in Plaintiffs' Count I, unpaid wages and statutory penalties. (Id. at ¶36) In fact, Herzer is a Managing Member of Defendant JNS Construction Services, LLC ("JNS"). This is the only claim in which Herzer is identified as having personal liability. (Id. at ¶¶ 31 – 106).

## III. ARGUMENT

Herzer moves to dismiss the Amended Complaint, in its entirety, pursuant to Fed.R.Civ.P. 12(b)(6), as Plaintiffs fail to state a claim for relief. In analyzing a complaint under Rule 12(b)(6), a court should look to whether sufficient facts are plead "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Additionally, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id., quoting Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Last, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1946-65.

In this matter, the Amended Complaint sets forth one claim for relief against Herzer as an individual – Count I, unpaid wages and statutory penalties. (Docket No. 23, ¶36) Plaintiffs

apparently claim that because Herzer is a "principal owner/operator, and agent" of JNS, he is individually and personally responsible and liable for the alleged unpaid wages. This claim must fail as a matter of law. In *Leonard v. McMorris*, 63 P.3d 323 (Colo. 2003), the Colorado Supreme Court specifically discussed whether corporate officers are liable for unpaid wages under Colorado's Wage Act. First, the Court stated that "[i]nsulation from individual liability is an inherent purpose of incorporation; only extraordinary circumstances justify disregarding the corporate entity to impose personal liability." *Id.* at 330. Importantly, the Court also advised that

> A corporate officer is not the employer responsible for creating the contractual employment relationship and is not personally responsible for a breach of that relationship, unless he or she created the relationship without disclosing the responsible principal corporation to which he answered as an agent. Instead, an officer acts for the corporation when he or she extends an offer of employment or terminates the employment relationship.

*Id.* In this matter, Plaintiffs do not allege Herzer created an employment relationship without disclosing JNS and, thus, he is not personally responsible for any breach of any employment relationship.

Further, the *Leonard* Court found that Colorado's Wage Act does **not** "impose personal civil liability on officers or agents to make wage and other compensation payments the corporation fails to make." (emphasis added) *Id.* at 333. The Court went on to hold "Colorado's Wage Claim Act does not make officers and agents of a corporation jointly and severally liable, along with the corporation, for the payment of wages and compensation due and payment to the employee under the employment contract and the Wage Claim Act. *Id.* Consequently, as a matter of law, Colorado's Wage Act does not impose personal liability on Herzer for any alleged

unpaid wages. Thus, Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted as against Herzer individually.

Herzer also moves to dismiss Plaintiffs' claims pursuant to Fed.R.Civ.P. 12(e) as Plaintiffs do not provide adequate notice to Defendants of the claim or claims to which each Defendant is being held accountable. This is because all other claims are alleged against "Defendants" and not against Herzer as an individual. Herzer cannot tell, without speculating, if Plaintiffs are asserting the other claims against him as an individual. Surely the facts as plead do not support personal liability, as Plaintiffs do not assert any alter ego allegations. Nevertheless, the remaining claims are vague and ambiguous as they simply assert claims against "Defendants" and do not identify which Defendants are responsible under each claim.

If the other claims are intended to assert liability against Herzer as an individual, Herzer moves this Court for dismissal under Fed.R.Civ.P. 12(e) or alternatively for a more definite statement under Fed.R.Civ.P. 12(e). *Rose v. Kinevan*, 115 F.R.D. 250, 252 (D. Colo. 1987) (dismissing claims under Rule 12(e) as "plaintiff's amended complaint does not provide adequate notice to each defendant of the claim or claims to which that particular defendant is being held accountable.") Similarly here, Herzer cannot discern, without speculation, whether any other claims are asserted against him. Certainly, the facts do not support a conclusion that any other claims are asserted against Herzer individually and thus Herzer should be dismissed from this action.

## IV. CONCLUSION

In sum, Plaintiffs do not state a claim against Herzer upon which relief can be granted as Herzer is a corporate officer of JNS and corporate officers are not personally responsible for

creating an employment relationship with the employer.  Further, corporate officers are not individually liable for unpaid wages under Colorado's Wage Act.  Consequently, Plaintiffs do not state an actionable wage claim against Herzer.  To the extent any other claims are intended to assert individual liability against Herzer, such claims should be dismissed as the Amended Complaint does not provide adequate notice to each defendant of the claim or claims to which that particular defendant is being held accountable.  Accordingly, all claims against Herzer should be dismissed in their entirety.

WHEREFORE, Herzer respectfully requests this Court dismiss all claims again him as an individual or in his individual capacity pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(e) and further requests dismissal of any claims against him individually that are dismissed pursuant to JNS' Motion for Dismissal.  Herzer also requests an award of attorneys' fees and costs incurred in responding to Plaintiffs' claims.

DATED this 12th day of May, 2008.

s/ Kristi L. Blumhardt

Kristi L. Blumhardt
MCELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
Tele: (303) 293-8800
*Attorneys for Defendants JNS Constructions Services, LLC and John Herzer*

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Donald J. Kaufman
kaufman@coloradoattorney.com
Kaufman & Kaufman, LLC
*Attorneys for Plaintiffs*

Kenneth R. Stettner
Bruce Anderson
banderson@stetmil.com
Stettner Miller, P.C.
*Attorneys for Midwest Drywall Company, Inc.*

*s/ Kristi L. Blumhardt*

Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
Tele: (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmlawco.com