IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, ET AL,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, ET AL,

Defendants.

## WORKER PLAINTIFF'S RESPONSE TO TO JNS'S MOTION TO DISMISS

### Standard of Review

The purpose of a Rule 12(b) (6) motion prior to Twombly was to test the legal sufficiency of the pleadings, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The burden is on the moving party to prove to the Court beyond certainty that "plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id*. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Defendant JNS seeks dismissal under Federal Rules 12(b)(6), 12(e) and 9(b), citing *Bell Atl. Corp. v. Twombly*, 550 U.S.- -, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), and claiming that plaintiffs have failed to plead with the particularity required by the federal rules.

In *Twombly*, the United States Supreme Court partially put an end to more than fifty years of precedent regarding pleading standards. The Tenth Circuit Court of Appeals subsequently described it as "rejecting the 'no set of facts' language of *Conley* [*v. Gibson*, 355 U.S. 41, 45-46 (1957)] and announcing a new (or clarified) standard: to withstand a Motion to Dismiss, a complaint must contain enough allegations of fact "to

state a claim to relief that is plausible on its face." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). The Court did not specify in *Twombly* whether the "plausibility" standard applied outside the antitrust context. A number of courts have acknowledged that "the new formulation is less than pellucid." *See, e.g.*, *Robbins*, 519 F.3d at 1247 (and cases cited therein). "The most difficult question in interpreting Twombly is what the Court means by 'plausibility'." Id. Subsequent lower courts are providing guidance, but the level of detail required is still less than clear.

In its brief, JNS repeatedly attempts to circumvent the judiciary's well-established method for determining the truth of the facts alleged or even the expansion of the Twombly "plausibility" test. From the Defendants' explanation of the standard of review, one might conclude that in considering a Rule 12(b)(6) motion the Court should labor to determine the *veracity* of the facts alleged. However, scrutiny of the facts is not necessary or appropriate in the instant case. The Court should not resolve questions of fact in a Motion to Dismiss.

The Plaintiffs' Amended Complaint contains sufficient allegations of fact to state a claim for relief that is plausible on its face. Before Defense agreed to represent the Defendants, Plaintiffs' counsel presented Defenses' Counsel with the full inspection of the complaint and Plaintiffs' file. The allegations of conspiracy are not unreasonable or unusual. The Amended Complaint contains an adequate description of the facts to satisfy the expanded Twombly standard.

In reviewing Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(6), the Court should accept all pleaded facts in the complaint as true. *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7thCir. 2006). The Court should view the allegations in the light most favorable to plaintiffs. *Id.* The "[f]actual allegations are enough to raise a right to relief above the speculative level."*Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965(May 21, 2007); *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466,472 (7th Cir. 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496F.3d 773, 776-77 (7th Cir. 2007).

Finally the Defendant JNS seeks to radically expand the general notice pleading standards further than the court in Twomby. The Defendants are asking that the Court

require that the Plaintiffs prove the allegations in the pleading.  In Twomby, the Court circles back to the more narrow ground for its decision, insisting that notice pleading has not been abandoned, that it is not impermissibly creating "heightened fact pleading of specifics," and repeating again that this case is simply about requiring plausibility. The Court in *Twombly*, 127 S. Ct. at 1967 stated: ("[I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support a § 1 claim." (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)). did retire the "no set of facts" language.

## ARGUMENT

**Plaintiffs' Claims against JNS are sufficient to meet the requirements of Rule 12(b)(6).**

The philistine allegations made by JNS or its counsel, that Plaintiffs' Amended Complaint "fails to allege specific "bad acts" is patently false and misleading. The Plaintiffs alleged that the Defendants including JNS conspired to commit fraud and the Amended Complaint detailed the conspiracy and details the fraud(s).  The Amended Complaint details facts that support the allegation that JNS stole Midwest's corporate identity, filed false documents with the Department of Labor and promised workers jobs that did not exist in an illegal conspiracy to traffic in humans.

The Plaintiffs plead:

"COUNT VIII CIVIL CONSPIRACY ‑ 103. Plaintiffs incorporate by this reference, paragraphs 1 through 102 of their Amended Complaint.  104. Defendants agreed, by words and conduct, to accomplish an unlawful goal and to accomplish a goal through unlawful means. 105. One or more unlawful acts were performed to accomplish the goal and one or more acts were performed to accomplish the unlawful goal. 106. The Plaintiffs have sustained damages and losses in an amount to be proven at trial, which were caused by the acts performed by Defendants to accomplish the unlawful goal."

A civil conspiracy is an agreement between two or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective. A conspiracy may also refer to a group of people who make an agreement to form a partnership in which each member becomes the agent or partner of every other member and engage in planning or agreeing to commit some act.

It's not necessary that the conspirators be involved in all stages of planning or be aware of all details. Any voluntary agreement and some overt act by one conspirator in furtherance of the plan are the main elements necessary to prove a conspiracy. A conspiracy may exist whether legal means are used to accomplish illegal results, or illegal means used to accomplish something legal. "Even when no crime is involved, a civil action for conspiracy may be brought by the persons who were damaged."

All members of the conspiracy are jointly and severally liable for the damages alleged in the prayer for relief.

Plaintiffs plead that, to facilitate their wrongful behavior, Defendants have taken extensive steps to file false, forged and fraudulent documentation with the Department of Labor to illegally obtain valid visas. The Defendants promised the Plaintiff workers work with Midwest that did not exist. Plaintiffs' very specifically document the Defendants unscrupulous undertakings in very specific language, described multiple times in the Complaint. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100). The Fraud is alleged and described in the Amended Complaint no fewer than twelve times.

The facts of this case are unique. The Defendants illegally conspired to file false, forged, and fraudulent documents with the Department of Labor deceitfully declaring that they were employing the 68 Mexican Worker Plaintiffs on behalf of Plaintiff Midwest. This was a fraud perpetuated against the Government, the Plaintiff Workers and the Plaintiff target company Midwest. The exploited workers joined with the target company to file an amended complaint against the Defendants.

Defendant John Herzer owns Defendant JNS Construction Services. Both have filed a Motion to Dismiss that has further delayed the process challenging the adequacy of the Amended Complaint in an effort to delay discovery.

As the burden is on the moving party to prove to a certainty that the Plaintiff cannot "plausibly" prove any set of facts in support of their claims for relief, the Court should first look to the Defendants' argument. Then this Court must determine if the argument proves beyond certainty that the facts, viewed in a light most favorable to Plaintiffs, could not "plausibly" sustain the cause of action. JNS cannot meet its burden of proof because the Plaintiffs have plead a factual *prima facie* case on the face of the complaint with sufficient facts specific to the frauds and facts for and all the allegations in all counts of the Amended Complaint. Therefore, the Defendants' entire Motion to Dismiss should be denied and the parties should begin discovery.

**Defendant Motion to Dismiss Federal and State Wage Claims**.

It is clear from the face of the complaint that the Mexican Worker Plaintiffs were misled by the Defendants' lies about working for Plaintiff Midwest. It is clear that the Mexican Worker Plaintiffs did not perform any work for the Plaintiff Midwest. It is clear from the Amended Complaint that the "jobs" with Midwest were a fiction offered to the Department of Labor by the Defendants to fraudulently obtain H-2B visas to illegally traffic in humans. The Plaintiff Mexican Workers made themselves available, traveled internationally, and existed in Glenwood Springs, under the direction and control of the Defendants, including JNS. The Plaintiff Mexican Workers were employees who completed work for and conveyed a value too the named Defendants and are entitled to be paid for the work performed.

As a condition of obtaining H-2B visas for the individual Plaintiffs, the "Defendant's Illegal Conspiracy" certified to the United States Department of Labor that, inter alia, the wages of the individual Plaintiffs would equal or exceed the applicable prevailing wage, and that the job would not contravene Federal, State or local law, including applicable requirements of the H-2B program, as set out in Department of Labor regulations and administrative interpretations. (Amended Compl. ¶¶ 24)

The individual Plaintiffs traveled to Glenwood Springs, Colorado from Mexico "in performance of the employment contract" with the Defendants. (Amended Compl. ¶¶ 38) The Plaintiffs Mexican Workers conveyed a benefit upon the Defendant by traveling

internationally, following orders to wait in a Foreign County under the direction and control of the Defendants. John Herzer perpetuated this fraud on behalf of the conspiracy illegally using JNS.

The Defendant does not deny that the Plaintiffs did convey a benefit by undertaking international travel, waiting to be engaged in the promised work by living in a foreign country, under the direction and control, and being marketed by the Defendants.

The fact that the Plaintiff's certification to the Department of Labor that the men had jobs with Plaintiff Midwest and that they would be paid wages for the work they performed was all a fraud. Midwest had no contact with the Defendants and the documents filed were forgeries and fraudulent. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100).

The wages the Plaintiff Mexican Workers should be paid is a question of fact and the Plaintiffs' Claims against JNS is sufficient to meet the requirements of Rule 12(b)(6). Plaintiffs have plead a *prima facie plausible* case for wages in of the Amended Complaint. Therefore, the Defendants' Motion to dismiss the wages claims should be denied.

## **Defendant Motion to Dismiss PLAINTIFF'S COUNT III DAMAGES FOR OUTRAGEOUS CONDUCT AND DETRIMENTAL RELIANCE**

Plaintiffs allege in the Amended Complaint that the Defendants conspired to defraud the Department of Labor by obtaining valid visas based on fraudulent documents by stealing Midwest's Corporate Identity. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100). Further, the jobs the Mexican Worker Plaintiffs were promised never existed. The jobs promised with Midwest were a fiction. The Defendants conspired to traffic in human beings and then failed to pay the Mexican Worker Plaintiffs. What makes this case unique is that the Trafficked Workers have joined forces with the target employer to file an Amended Complaint against the Conspirator JNS Human Trafficker to sue for the Outrageous Conduct. The forged documentation has been provided to counsel for JNS and is plausibly plead in the complaint. Defendant counsel has the actual evidence illegally filed. Defense counsel

does not deny the factual allegations or the evidence that they have obtained from Plaintiffs' counsel. The complaint is clear, concise and outlines the outrageous conduct and the detrimental reliance. (Amended Compl. ¶¶ 44,43,44,45,46,47,48,49,50,51,52)

The Defendants claimed that they were simply mistaken about the availability of work and that this claim should be dismissed. This is not only a bad defense it is not grounds for a Motion to Dismiss, nor plausibly true. The Defendants committed a criminal fraud by filing forged documents. The forgeries were created by the Defendant(s) for illegally filing for visas based upon work that they knew never existed. This was not a bad business decision, it was fraud, and outrageous illegal human trafficking that injured Midwest and the 68 Mexican Workers. The jobs promised the Worker and the Department of Labor never existed.

The Outrageous Conduct and Detrimental Reliance claims made the Plaintiffs is a question of fact and the Plaintiff's Claims Against both JNS and John Herzer are not only plausible but more than sufficient to meet the requirements of Rule 12(b)(6). Plaintiffs have plead a plausible *prima facie* case, together with supporting facts to satisfy the "plausibility" standard, for Outrageous Conduct and Detrimental Reliance in the Amended Complaint. Therefore, the Defendants' motion to dismiss these claims should be denied.

**Defendant Motion to Dismiss PLAINTIFFS' CLAIM BASED ON HUMAN TRAFFICKING TRAFFICKING VICTIMS PROTECTION ACT ("TVPA") ALIEN TORT CLAIMS ACT ("ATCA")**

The Defendants, in fact, through their illegal conspiracy, fraud and economic intentional destruction of the Plaintiffs, imprisoned the Plaintiff workers thousands of miles from their homes in a forgiegn country. (Amended Compl. ¶¶ 63) The Defendants committed a well documented fraud to traffic in most cases totally un educated almost completely illeterate, desperetly poverty-stricken laborers into a forgeing country, in the middle of winter, into total destitution. The Defendants took advantage of the Plaintiffs' weakness and inability to leave to control their movement, by threatning the men with legal action deporation. What is different with the case law in <u>Bridgestone</u> is these Plaintiffs were not held by "real or perceived" economic pressures. These Plaintiffs did

not have any alternatives.  The Plaintiffs were defrauded into international travel making them totally destitute and unable to leave. They were transported internationally into total poverty.  This poverty was caused by the Defendant's criminal fraud and misrepresentations, rendering the Plaintiff workers defacto prisoners of the Defendants. The Defendants conspired to exploite this imprisonment, using threats and abuse of power, and absolute control to incarcerate the Worker Plaintiffs to market them to employers.  Unlike Bridgestone these men were not economically intimidated.  These men were economically destroyed by the frauds.  These Plaintiffs were so economically destroyed by the Defendant's criminal conspiracy so that they could not under any circumstances leave, and they were not just controled but defacto prisoners of the Defendants.

The individual Plaintiffs, citizens of Mexico, brought this action to recover for damages inflicted by the Defendants. Evidence exists that would substantiate that the Defendants exploited and defrauded individual Plaintiffs in recruiting based on false pretenses to work in the United States. Defendants filed false and fraudulent documents with the Department of Labor regarding the availability of jobs at Midwest. Defendants were effectuating a broad scheme of psychological coercion and threatened abuse of the legal process to keep individual Plaintiffs in their control. Defendants promised work with Midwest, and relying on this promise, individual Plaintiffs lawfully obtained H-2B visas and traveled to the United States. Upon arriving in the United States, however, Plaintiffs were transported to Colorado absent the work they were promised. In Colorado, Defendants forced individual Plaintiffs to remain in a hotel for an average of nearly 80 hours per week, paying them far below the federal and state minimum wage, or not at all. Defendants restricted individual Plaintiffs' travel and communication with the outside world; deprived individual Plaintiffs of adequate food; made fraudulent claims about their ability to effectuate individual Plaintiffs' arrest, imprisonment, and/or deportation by U.S. law enforcement authorities; and generally, perpetrated a campaign of coercion and fraud designed to keep individual Plaintiffs intimidated and unable to leave. Isolated, disoriented, unable to speak English, and unfamiliar with their rights under American law, individual Plaintiffs were exploited by Defendants and felt powerless to escape.

As the Plaintiffs have clearly plead: If the promised jobs never existed with the Plaintiff Midwest; If the Plaintiff Workers were controlled, held and marketed to other employers; If the Defendants committed the frauds as alleged and clearly factually and plausibly plead; then the Defendants conspired to illegally Traffic in Human Beings. This is a unique case, in that the injured victims of the Human Trafficking and the Target Employer have caught the Defendant Conspirators, Red Handed, in the lie, in the fraud, and in the illegal scheme. The Plaintiffs could not have plead the Defendants "bad acts" more clearly. Plaintiffs' counsel has even presented Defendant's counsel with the actual evidence supporting all of the Plaintiffs allegations that were so clearly plead.

**Defendant Motion to Dismiss PLAINTIFFS' CLAIM BASED FEDERAL RACKETEERING INFLUENCED CORRUPT ORGANIZATIONS ACT ("RICO"), CIVIL CONSPIRACY, OBTAINING WORKMENT BY MISREPRESENTATION.**

The Plaintiffs allege plead a sufficient RICO Claim, Civil Conspiracy Claim and Obtaining Workmen by Misrepresentation Claim for the purposes of surviving a 12(b)(6) motion. Plaintiffs disagree with Defendant characterization of the laws surrounding civil RICO claims. Plaintiffs' states in good faith that they have a valid RICO claim sufficient to overcome this motion and move forward to discovery. In an effort to not be completely redundant, there exists a *prima facie* case for the counts plead adequate and plausibly in the Amended Complaint and the fraud for reasons strikingly similar to those enumerated in previous sections. Therefore, the Defendants' Motion to Dismiss as to the claims should be denied.

The complaint sufficiently and plausibly alleges facts demonstrating fraud, and interstate travel, as a part of Defendant's schemes and as the predicate acts of racketeering. The complaint alleges that defendants (1) had a scheme, (2) intended to defraud plaintiffs, and (3) and filed materials with the Department of Labor in furtherance of the scheme, and traveled interstate in furtherance of the scheme. These acts, multiplied by the number of Mexican Plaintiff Workers are alleged to have been

numerous and continuous, both collectively and with respect to each plaintiff, and spanning over a long period.

Plaintiffs specifically and plausible allege and plead facts that the Defendants filed forged fraudulent documentation with misrepresentations made by defendants and that defendants did not intend to live up to those representations.  The Defendants do not refute these allegations.   When taken in the best light to Plaintiffs, these do not contradict Plaintiffs' allegations or fatally undermine their claims.

## **MIDWEST IS A PLAINTIFF IN THIS ACTION**

Midwest was originally a Defendant in the State action.  The Worker Plaintiffs were made aware of the evidence vindicating Midwest completely.  However, Midwest is a victim of the Defendants "bad acts" and conspiracy.  Their Amended Complaint Prayer for damages made together with the Worker Plaintiffs.  The Defendant's fraud has injured Midwest and Midwest has joined the Amended Complaint and is entitled to Damages Against all of the Defendants, including but not limited to attorneys fees and cost.

The decision to dismiss all or a part of an action without prejudice for failure to comply with Fed. R. Civ. P. 8 is within the sound discretion of the district court, *See Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993), *cert. denied*, 511 U.S. 1034 (1994); *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8(a) requires the Plaintiffs Amended Complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that [they are] entitled to relief, and (3) a demand for judgment for the relief [they] seek]. Fed. R. Civ. P. 8(a). *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995). *Mobley v. McCormick*, 40 F.3d 337, 340 & n.1 (10th Cir. 1994).

The Defendents illicitly, fraudelently, and illegally defrauding the Mexican Worker Plaintiffs by promising employment placement with Midwest that never existed.  Defendants filed forged documention and defrauded the Department of Labor, and this

fraud has injured the Pliantiffs. The Defendants worked in the sphere of an illegal scheme to defraud the Department of Labor by filing a fraudulent H-2B visa applications based upon forged counterfiet required documentation they fabricated criminally using the Plaintiff Midwest's corporate identity. The Defendants, illegaly obtained valid visas for the Mexican Worker Plaintiffs, by stealing Plaintiff Midwest's corporate identity. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100)

This is a unique case of first impression. This is the first law suit where the Plaintiffs are both the workers and the target employer suing a human trafficer. The Plaintiffs in the Amended Complaint alledged that: "19. The Defendant(s) JNS, Herzer, Leno and Leno Company falsely asserted to the Department of Labor (DOL) and to the individual Plaintiffs that Midwest was to employ individual Plaintiffs."

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. __, 127 S. Ct. 2197, 2200 (2007); McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). A court may dismiss a claim "only if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

R. CIV. P. 8. Contrary to Defendant criticism, the Plaintiffs need not plead evidence in its Complaint. Ignoring federal pleading requirements, Defendants repeatedly fault the Plaintiffs for not presenting "evidence" to support its claims and suggest that failure to do so warrants dismissal. Plaintiffs are not required to plead evidentiary support in its complaint. The Supreme Court has recognized that, in setting forth the short and plain statement required by Rule 8(a), "specific facts are not necessary," Erickson v. Pardus, 551 U.S. at ___, 127 S. Ct. at 2200, and this Court has stated that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Walker v. S.W.I.F.T. SCRL, 491 F. Supp. 2d 781, 788 (N.D. Ill. 2007).

Artificial entities are created by State Statute, and that are treated much like individuals under the law, having legally enforceable rights, the ability to acquire debt and to pay out profits, the ability to hold and transfer property, the ability to enter into contracts, the requirement to pay taxes, and the ability to sue and be sued.

They do not have the legal authority to commit fraud. They cannot be used to break the law. They cannot be used to shield officers from illegal activity exceeding corporate authority. The rights and responsibilities of a corporation are independent and distinct from the people who own or invest in them. A corporation simply provides a way for individuals to run a business and to share in profits and losses.

The Last argument raised by Defendants is that The Complaint does not provide adequate notice to each Defendant of the claims that particular defendants are being held accountable. The plaintiffs plead: "COUNT VIII CIVIL CONSPIRACY - 103. Plaintiffs incorporate by this reference, paragraphs 1 through 102 of their Amended Complaint. 104. Defendants agreed, by words and conduct, to accomplish an unlawful goal and to accomplish a goal through unlawful means. 105. One or more unlawful acts were performed to accomplish the goal and one or more acts were performed to accomplish the unlawful goal. 106. The Plaintiffs have sustained damages and losses in an amount to be proven at trial, which were caused by the acts performed by Defendants to accomplish the unlawful goal."

John Herzer was the mastermind of the conspiracy. Herzer, on his own behalf and on behalf of JNS, agreed with Leno to solicit the individual plaintiffs to travel to Colorado, to arrange for them to obtain visas and to transport them to Colorado, all based on false representations that work was available for them with Midwest Drywall Herzer used his Texas Company to break the law and commit fraud. Herzer directed the failed illegal scheme that is alleged and incorporated into all counts of the complaint. A civil conspiracy is an agreement between two or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective. A conspiracy may also refer to a group of people who make an agreement to form a partnership in which

each member becomes the agent or partner of every other member and engage in planning or agreeing to commit some act.

It's not necessary that the conspirators be involved in all stages of planning or be aware of all details. Any voluntary agreement and some overt act by one conspirator in furtherance of the plan are the main elements necessary to prove a conspiracy. A conspiracy may exist whether legal means are used to accomplish illegal results, or illegal means are used to accomplish something legal. "Even when no crime is involved, a civil action for conspiracy may be brought by the persons who were damaged." The exact degree of individual culpability is known only to the Defendants and is a "Question of Fact" for the court.

All members of the conspiracy are jointly and severally liable for the damages alleged in the prayer for relief. Rule 8 notice pleading has been accomplished and the Plaintiffs are not required in the complaint to offer evidence. The Defendants are allowed to offer affirmative defenses to disprove liability for their involvement in the civil conspiracy.

**WHEREFORE**, Plaintiffs respectfully request this Court dismiss the Defendant's Motion to Dismiss. The Plaintiffs also request an award of attorneys' fees and costs incurred in responding to Defendants' motions.

DATED June 6, 2008

Respectfully submitted,

 /s/  Donald J. Kaufman

Donald J. Kaufman
KAUFMAN & KAUFMAN, LLC
401 23rd Street, Suite 302
Glenwood Springs, Colorado 81601
Telephone: (970) 945-2396
Facsimile: (970) 945-7763
E-mail: kaufman@coloradoattorney.com
ATTORNEY FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Donald Kaufman:    kaufman@coloradoattorney.com

    Charles Kimball:    knpc@qwest.net

    Kristi Blumhardt:    kblumhardt@mdmlawco.com

    Victor M. Morales:    vmorales@mdmlawco.com

    C. Adam Foster:    afoster@mdmlawco.com

    Bruce Anderson    banderson@stetmil.com

    Ken Stettner    kstettner@stetmil.com

and I certify that I have mailed or served the document to the following non CM/ECF participant by United States Mail, postage prepaid, to the following:

Midwest Drywall Company, Inc., 1351 South Reca Court, Post Office Box 771170, Wichita, Kansas 67277-1170

                              s/ Don Kaufman