IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, ET AL,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, ET AL,

Defendants.

**PLAITIFFS RESPONSE TO JOHN HERZER'S MOTION TO DISMISS**

The Defendant John Herzer's entire motion to dismiss is based on the *affirmative defense* that John Herzer was not the employer of the Defendants. This is a question of fact. The Plaintiffs alleged, very clearly in the complaint that John Herzer was either the employer *in fact* of the Mexican Worker Plaintiffs or in the alternative he acted criminally so far outside the scope of any corporate protection to be personally liable for the actions of his corporation. Plaintiffs allege in the complaint that all of the Defendents, acted in concert, in a conspiracy, including John Herzer, and all are jointly and severally liable for all damages. Fraud is factually plead sufficient to satisfy the Twombly Standard no less than twelve times in the Amended Complaint. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100).

## FACTS

Defendant Herzer misrepresents the face of the complaint to the court.

The Plaintiffs plead: 36. John Herzer (Herzer) is a principal owner/operator, and agent, responsible for the actions of JNS. Herzer is individually and personally responsible and liable for the actions of the Defendants.

The Plaintiffs incorporates paragraph thirty six (36) into all counts in the entire complaint.

The facts of this case appear to be unique. John Herzer filed false, forged, and fraudulent documents with the Department of Labor deceitfully declaring that he was employing the 68 Mexican Worker Plaintiffs on behalf of Plaintiff Midwest.  This was a fraud perpetuated against the Government, the Plaintiff Workers and the Plaintiff target company Midwest.  The exploited workers joined with the target company to file an Amended Complaint against John Herzer individually.

The Plaintiffs' claims address John Herzer's individual assault on very vulnerable legal immigrants and a Colorado Company. The Plaintiffs' Amended Complaint clearly alleges that Defendant John Herzer engaged in an illegal scheme to defraud the Department of Labor and injure The Plaintiff Workers and Midwest. The Plaintiffs explicitly pleads that each Defendant, including John Herzer, participated in the illegal conspiracy and worked in concert with the other Defendants. (See generally Plaintiffs Amended Compl. ¶¶ 103-106)

Plaintiffs also allege that, to facilitate their wrongful behavior, Defendants have taken extensive steps to file false, forged and fraudulent documentation with the Department of Labor to illegally obtain valid visas. Plaintiff's very specifically document the John Herzer's unscrupulous undertakings in very specific factual language, described multiple times in the Amended Complaint.  (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100).  The Fraud is alleged and described in the Amended Complaint no fewer than twelve times.

To distract the Court from Plaintiffs' well-pleaded allegations, Defendants' Motion to Dismiss urges incorrect legal standards, and mischaracterizes, ignores, and in some cases merely denies, the clear allegations of Plaintiffs' Amended Complaint.

Defendants are not entitled to dismissal simply by telling the Court that they have not done what the Plaintiffs alleges they have done.  If the Defendant, John Herzer, wishes make present an affirmative defense it is appropriate at trial and not based upon an assertion in a motion.  Plaintiffs' pleading complies with Rule 8, FED. R. CIV. P., and

sufficiently states claims against John Herzer, "personally and individually." (Amended Compl. ¶¶ 36) Plaintiffs incorporated, by this reference, all paragraphs, in all counts, against John Herzer in the plain language in the Amended Complaint.

The conspirator defendant, John Herzer, by illicitly, fraudulently, and illegally using a Texas Company in Colorado, worked in concert with the other defendants to defraud the Mexican Worker Plaintiffs by promising employment placement with Midwest that never existed. John Herzer filed forged documention and derauded the Department of Labor, and this fraud has injured the Pliantiffs. The defendant conspirator John Herzer unlawfully using his Texas company worked in the sphere of an illegal scheme to defraud the Department of Labor by filing a fraudulent H2B visa applications based upon forged counterfiet required documentation they fabricated criminally using the Plaintiff Midwest's corporate identity. John Herzer, illegaly obtained valid visas for the Mexican Worker Plaintiffs, by stealing Plaintiff Midwest's corporate identity. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100)

## ARGUMENT

This is a unique case of first impression. This is the first law suit where the Plaintiffs are both the workers and the target employer suing a human trafficker. The Plaintiffs in the amended complaint alledged that: "19. The Defendant(s) JNS, Herzer, Leno and Leno Company falsely asserted to the Department of Labor (DOL) and to the individual Plaintiffs that Midwest was to employ individual Plaintiffs."

The complaint alleges that all Defendants acted in concert in a conspiracy to injure the Plaintiffs. The complaint alleges that John Herzer is jointly and severally liable because he, personally, engaged in the illegal acts against the Plaintiffs. John Herzer is asking the court to dismiss all claims against him relying on the language in *Leonard v. McMorris*, 106 F. Supp. 2d 1098, 1120 (D. Colo. 2000). L*eonard v. McMorris*, 272 F.3d 1295 (10th Cir. 2001). Leonard does not apply to John Herzer because he was acting outside the scope of any corporate protections afforded in Colorado.

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. __, 127 S. Ct. 2197, 2200 (2007); McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). A court may dismiss a claim "only if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

The Plaintiffs' pleading complies With FED. R. CIV. P. 8.  The Plaintiffs Need Not Plead Evidence in its Complaint.  Ignoring federal pleading requirements, Defendants repeatedly fault the Plaintiffs for not presenting "evidence" to support its claims and suggest that failure to do so warrants dismissal.  Plaintiffs are not required to plead evidentiary support in its complaint. The Supreme Court has recognized that, in setting forth the short and plain statement required by Rule 8(a), "specific facts are not necessary," Erickson v. Pardus, 551 U.S. at ___, 127 S. Ct. at 2200, and this Court has stated that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Walker v. S.W.I.F.T. SCRL, 491 F. Supp. 2d 781, 788 (N.D. Ill. 2007).

Artificial entities are created by State Statute, and that are treated much like individuals under the law, having legally enforceable rights, the ability to acquire debt and to pay out profits, the ability to hold and transfer property, the ability to enter into contracts, the requirement to pay taxes, and the ability to sue and be sued.

They do not have the ability to commit fraud.  They cannot be used to break the law or engage in criminal activity.  They cannot be used to shield officers from illegal activity exceeding corporate authority.  The rights and responsibilities of a corporation are independent and distinct from the people who own or invest in them. A corporation simply provides a way for individuals to run a business and to share in profits and losses.  Corporate protections cease to exist when the corporation is used as a contrivance to break the law.

When the Defendant corporation is a sham, engaged in the Fraud alleged in the complaint or other wrongful acts alleged in the complaint, or is used solely for *John Herzer's* personal benefit, the court may disregard the separate corporate existence and impose personal liability on John Herzer. In other words, courts may, but need not, pierce the "veil" that the law uses to divide the corporation (and its liabilities and assets) from the people behind the corporation. The veil creates a separate, legally recognized corporate entity and shields the people behind the corporation from personal liability. Here the Corporation is a co-Defendant.

Herzer would like to blame the corporation for his bad acts. If Herzer had robbed a bank, using the corporation, he would have acted outside any corporate authority and would be personally responsible.

Whether John Herzer was an employer liable, jointly and severally for unpaid wages is a question of fact.

McMorris appears to preclude individual liability of legal corporate officer activity in Wage Act Litigation for officers acting within their corporate authority. McMorris did not address fraud and misrepresentation exceeding any corporate authority or protections or where the Defendant is the employer in fact. In McMorris the corporate officers were sued for exercising legal activity. In this case John Herzer is being sued for illegal activity in the form of fraud. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100) The Plaintiffs allege in the complaint that the Worker Plaintiffs are employees of a conspiracy and of John Herzer individually. The conspiracy was used to fraudulently use the Plaintiff Midwest's corporate identify, by filing false documents with the Department of Labor, to defraud the Plaintiff workers. Further that the Defendants should not be afforded any Texas corporate protections because they used the corporations to commit fraud that exceed any corporate authority.

The conspirator defendant, John Herzer, by illicitly using JNS, worked in concert with the other defendants to defraud the Mexican Worker Plaintiffs by promising employment placement with Midwest that never existed. The defendant conspirator, John Herzer, unlawfully using his company, worked in the sphere of an illegal scheme to defraud the Department of Labor by filing a fraudulent H-2B visa applications based

upon forged counterfiet required documentation they fabricated criminally using the Plaintiff Midwest's corporate identity. John Herzer, illegaly obtained valid visas for the Mexican Worker Plaintiffs, by stealing Plaintiff Midwest's corporate identity. All of these allegations are on the face of the Amended Complaint.

Courts traditionally require fraud, illegality, or misrepresentation before they will pierce the corporate veil. Here The Corporation was the instrument used by Herzer in committing the illegal act. Plaintiffs allege that John Herzer is personally and individually, jointly and severally liable for all of the allegations asserted in the complaint. He was the "master mind" behind the forgery, the fraud and the bad acts. In Colorado he was the Employer. The Mexican Worker Plaintiffs were hired, transported, and under the control of Herzer, individually. Courts also may ignore the corporate existence where the controlling Defendants like Herzer use the corporation as merely their instrumentality or alter ego, where the corporation ignores the law. In addition, courts may refuse to recognize a separate corporate existence, when doing so would violate a clearly defined statutory policy. Here John Herzer used his corporation as a device to file forged documentation with the Department of Labor and Defraud the Law abiding Colorado Corporation and Law Abiding Mexican Citizens. (Amended Compl. ¶¶ 19, 20, 23, 24, 63, 82, 90, 92 (c), and 100)

Defendant John Herzer might want to raise defenses to being named personally and individually as jointly and severally liable for all of the allegations raised in the Amended Complaint as his defense. His Defense is a question of fact for the court to decide after considering the evidence.

The Last argument raised by Herzer is that The Complaint does not provide adequate notice to each Defendant of the claims that particular defendants are being held accountable. The plaintiffs plead: "COUNT VIII CIVIL CONSPIRACY - 103. Plaintiffs incorporate by this reference, paragraphs 1 through 102 of their Amended Complaint. 104. Defendants agreed, by words and conduct, to accomplish an unlawful goal and to accomplish a goal through unlawful means. 105. One or more unlawful acts were performed to accomplish the goal and one or more acts were performed to

accomplish the unlawful goal. 106. The Plaintiffs have sustained damages and losses in an amount to be proven at trial, which were caused by the acts performed by Defendants to accomplish the unlawful goal."

John Herzer was the mastermind of the conspiracy. He directed the failed illegal scheme that is alleged, specifically factually plead and incorporated into all counts of the complaint. A civil conspiracy is an agreement between two or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective. A conspiracy may also refer to a group of people who make an agreement to form a partnership in which each member becomes the agent or partner of every other member and engage in planning or agreeing to commit some act.

It's not necessary that the conspirators be involved in all stages of planning or be aware of all details. Any voluntary agreement and some overt act by one conspirator in furtherance of the plan are the main elements necessary to prove a conspiracy. A conspiracy may exist whether legal means are used to accomplish illegal results, or illegal means used to accomplish something legal. "Even when no crime is involved, a civil action for conspiracy may be brought by the persons who were damaged.

All members of the conspiracy are jointly and severally liable for the damages alleged in the prayer for relief. Rule 8 notice pleading has been accomplished and the Plaintiffs are not required in the complaint to offer evidence. John Herzer is allowed to offer affirmative defenses to disprove liability for his involvement in the civil conspiracy.

**WHEREFORE**, Plaintiffs respectfully request this Court dismiss the Defendant Herzer's Motion to dismiss. The Plaintiffs also request an award of attorneys' fees and costs incurred in responding to Defendant's motions.

DATED June 6, 2008

Respectfully submitted,

 /s/ Donald J. Kaufman_____

Donald J. Kaufman
KAUFMAN & KAUFMAN, LLC
401 23rd Street, Suite 302

Glenwood Springs, Colorado 81601
Telephone: (970) 945-2396
Facsimile: (970) 945-7763
E-mail: kaufman@coloradoattorney.com
ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Donald Kaufman:    kaufman@coloradoattorney.com

    Charles Kimball:    knpc@qwest.net

    Kristi Blumhardt:    kblumhardt@mdmlawco.com

    Victor M. Morales:    vmorales@mdmlawco.com

    C. Adam Foster:    afoster@mdmlawco.com

    Bruce Anderson    banderson@stetmil.com

    Ken Stettner    kstettner@stetmil.com

and I certify that I have mailed or served the document to the following non CM/ECF participant by United States Mail, postage prepaid, to the following:

Midwest Drywall Company, Inc., 1351 South Reca Court, Post Office Box 771170, Wichita, Kansas 67277-1170

                                                s/ Don Kaufman