# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  08-cv-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, et al.,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, et al.,

Defendants.

_____

## MIDWEST DRYWALL'S RESPONSE TO DEFENDANT'S
## MOTION TO DISMISS JNS CONSTRUCTION SERVICES

_____

Plaintiff Midwest Drywall responds to Defendant's Motion to Dismiss JNS Construction Services (doc #28) ("JNS Motion") as follows.

Plaintiffs filed this action in the District Court for Garfield County, Colorado. Defendants JNS Construction Services, LLC ("JNS") and John Herzer removed the action to this court in March 2008.  They now seek dismissal of plaintiff's claims against them.  JNS seeks dismissal under Federal Rules 12(b)(6) and 9(b), claiming that plaintiffs failed to plead with the particularity required by the federal rules.  In its motion to dismiss, JNS claims that the Amended Complaint:

      - does not allege which specific "bad acts" were committed by which defendants

      - does not explain how the particular harm suffered by each plaintiff was caused by the acts of individual defendants

      - contains contradictory allegations

-fails to plead fraud with particularity under Rule 9(b)

JNS Motion pp. 2-3, 13. Plaintiffs' Amended Complaint satisfies the pleading standards and the JNS Motion must be denied. Nonetheless, plaintiffs are willing to respond to the questions and confusion expressed by defendants. Also given that the *Twombly* opinion's "new formulation is less than pellucid," *Robbins*, 519 F.3d at 1247, plaintiffs will seek defendants' written consent to the filing of a second amended complaint and, if consent is withheld, seek leave of court to file. Filing a second amended complaint will also allow plaintiffs to correct some inadvertent typographical errors identified by defendants and for Midwest Drywall to add an additional claim for relief for invasion of privacy by appropriation.

## I.      Standard of Review.

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.    , 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); accord *Erickson v. Pardus*, 551 U.S.    , 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curiam). The plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp.*, 127 S. Ct. at 1967, 1969. The notice pleading rules are not meant to impose a great burden on a plaintiff. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). "[D]etailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp.*, 127 S. Ct. at 1964-65. *See also Erickson*, 127 S.Ct. at 1966 ("Specific facts are not necessary")

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true. *See Erickson*, 127 S. Ct. at 2200; *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Courts may not dismiss on the ground that it appears unlikely the allegations can be proven. *Robbins*, 519 F.3d at 1247.

## II.    Midwest Drywall has brought a claim against all defendants for civil conspiracy.

JNS also claims that Midwest Drywall has not plead any claims. JNS Motion p. 14. This is easily disposed of because the falsity of the claim is apparent on the face of the Amended Complaint. As JNS admits in its brief, Count VIII for civil conspiracy refers to "plaintiffs," plural, not to "individual plaintiffs" as do the other counts of the Amended Complaint. The claim for civil conspiracy is brought by all plaintiffs against all defendants (see also section III below).

## III.    The claims for civil conspiracy have been adequately pled.

In the same heading in which JNS asserts the RICO claims should be dismissed, JNS also asserts that the civil conspiracy claims should be dismissed. However, the argument that follows the heading in JNS's brief does not reference the civil conspiracy claim, and this contention is not discussed elsewhere in the motion.

The civil conspiracy claim has been adequately pled.  The elements of the claims are (1) an agreement, by words or conduct, to accomplish an unlawful goal or to accomplish a goal through unlawful means; (2) one or more unlawful acts were performed to accomplish the goal or one or more acts were performed to accomplish the unlawful goal; (3) injuries, damages or losses to plaintiff, (4) caused by the acts performed to accomplish the goal.  The Amended Complaint alleges these elements (Compl. ¶¶ 103-106) plus facts supporting each of these elements that, taken as true, allege a plausible entitlement to relief as follows.

Defendant Herzer is the principal owner/operator and agent of JNS.  (Compl. ¶ 36) and Defendant Leno & Company, LLC is Defendant Leno Ascebedo's company.  (Compl. ¶ 37) Defendants Leno Ascebedo and Leno & Company worked as agents of JNS to assemble, contact and organize the individual plaintiffs as employees.  (Compl. ¶ 37)  The defendants falsely asserted to the individual plaintiffs and the Department of Labor and filed false documents with the department that Midwest Drywall was to employ the individual plaintiffs and certified to the department that they would meet certain standards for wages, contracts and visas (Compl. ¶¶ 19, 24, 63, 73).  In doing so, defendants were effectuating a broad scheme to bring the individual plaintiffs to the United States and control them there.  (Compl. ¶¶ 63, 72, 73, 90)  Plaintiffs were damaged as a result.  (Compl. ¶ 106)

Joint and several liability, pursuant to C.R.S. § 13-21-111.5(4), may be based upon evidence of a course of conduct from which a tacit agreement to act in concert may be implied. *Resolution Trust Corp. v. Heiserman*, 898 P.2d 1049 (Colo. 1995).  Plaintiffs allege sufficient indicia of an agreement to prove that the defendants consciously conspired and deliberately pursued a common plan or design that resulted in a tortious act.  *See Loughridge v. Goodyear*

*Tire & Rubber Co*., 192 F. Supp.2d 1175 (D. Colo. 2002).  The content and form of the

statements is alleged.  The complaint alleges overt acts by defendants that are themselves

unlawful and were taken in pursuit of unlawful goals.  The complaint alleges sufficient facts to

satisfy the pleading requirements.

If permitted to file a second amended complaint, plaintiffs will specifically state that the

civil conspiracy claim is brought against each of the defendants and facts illustrating the

following will be added in support of the claim.

> In January and again in November 2007, JNS and Herzer used Midwest Drywall's name,
> street and Internet addresses, telephone and fax numbers; created a letterhead to mimic
> Midwest Drywall's letterhead and forged the signature of a Midwest Drywall employee
> in order to use Midwest Drywall's identity without its knowledge or permission in
> support of applications for Alien Employment Certification for H2-B Workers (the
> individual plaintiffs) submitted by JNS to the Department of Labor.

> The submissions to the Colorado Department of Labor and Employment represented that
> Midwest Drywall was a client of JNS and included a letter that stated in part:

>> It is our intent to utilize JNS Labor on multiple projects in 2007
>> out of our Glenwood Springs, CO office.

>> We require the following men at a worksite in Avon, CO for the
>> construction of a triple [sic] towers.  This project is 10 months in
>> scope, and will require 150 men.  Avon, CO is located in Eagle
>> County, CO.

> These statements are false, were not authorized by Midwest Drywall and Midwest
> Drywall was not aware of the November letter until December 2007 when it received a
> communication from Catholic Charities to which a copy of the forged letter was attached,
> and the January letter until February 2008.

> JNS obtained certification from the Department of Labor based on the false statements
> and forged documents.

> Leno & Company had a contract with Midwest Drywall to supply workers.  Leno &
> Company and Leno Ascebedo sent Midwest Drywall copies of the Final Determination
> letters received by JNS that had been altered to omit information identifying JNS and

represented that Leno & Company had received certification from the Department of Labor and authorization to bring workers from Mexico.

As a result of defendants' actions, Midwest Drywall was named as a defendant in the original complaint in this action, media reports attributed to Midwest Drywall the conduct of which the individual plaintiffs accuse defendants and Midwest Drywall suffered injuries and damages including, but not limited to, loss of reputation, attorney fees and court costs.

The Amended Complaint has sufficiently pled claims upon which relief can be granted for the plaintiffs and against the defendants and Midwest Drywall respectfully requests that the JNS Motion be denied.

DATED June 6, 2008

Respectfully submitted,

s/ Bruce Anderson
Bruce Anderson
Kenneth R. Stettner
Stettner Miller, P.C.
1050 17th Street
Suite 700
Denver, Colorado 80265-2008
303.534.0273
303.534.5036(facsimile)
E-Mails:
banderson@stetmil.com
kstettner@stetmil.com
Attorneys for Midwest Drywall
Company, Inc.

## CERTIFICATE OF SERVICE

I certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Donald Kaufman:        kaufman@coloradoattorney.com
Charles Kimball:        knpc@qwest.net
Kristi Blumhardt:        kblumhardt@mdmlawco.com
Victor M. Morales:        vmorales@mdmlawco.com
C. Adam Foster:        afoster@mdmlawco.com

s/ Kimberly Hanson
Kimberly Hanson