**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 08-cv-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, et al.,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, et al.,

Defendants.

---

**MIDWEST DRYWALL'S RESPONSE TO**
**DEFENDANT JOHN HERZER'S MOTION TO DISMISS**

---

Plaintiff Midwest Drywall responds to Defendant John Herzer's Motion to Dismiss dated

May 12, 2008 (doc # 30) ("Herzer Motion") as follows.

Plaintiffs filed this action in the District Court for Garfield County, Colorado.

Defendants JNS Construction Services, LLC ("JNS") and John Herzer removed the action to this

court in March 2008. They now seek dismissal of plaintiff's claims against them. Herzer seeks

dismissal under Federal Rules 12(b)(6) and 12(e), claiming that:

> - the Amended Complaint asserts a claim against him for wages under the Colorado
> Wage Payment Act but corporate officers and agents are not individually liable for wages
> under the act and

> - the remaining claims are too vague and ambiguous for Herzer to know whether they are
> asserted against him and should be dismissed pursuant to Rule 12(e)

Herzer Motion p. 2. Plaintiffs' Amended Complaint satisfies the pleading standards and the

Herzer Motion should be denied. Nonetheless, plaintiffs are willing to respond to the questions

and confusion expressed by defendants.  Also given that the *Twombly* opinion's "new formulation is less than pellucid," *Robbins* at 1247, plaintiffs will seek defendants' written consent to the filing of a second amended complaint and, if consent is withheld, seek leave of court to file.  Filing a second amended complaint will also allow plaintiffs to correct some inadvertent typographical errors identified by defendants and for Midwest Drywall to add an additional claim for relief..

## I.     <u>Standard of Review.</u>

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.   , 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); accord *Erickson v. Pardus*, 551 U.S.   , 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curiam).  The plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations."  *Bell Atl. Corp.*, 127 S. Ct. at 1967, 1969.  The notice pleading rules are not meant to impose a great burden on a plaintiff. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).  "[D]etailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss.  *Bell Atl. Corp.*, 127 S. Ct. at 1964-65.  *See also Erickson*, 127 S.Ct. at 1966 ("Specific facts are not necessary")

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed

true.  *See Erickson*, 127 S.Ct. at 2200; *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d

1242, 1247 (10th Cir. 2008).  The plaintiff must be given every favorable inference that may be

drawn from the allegations of fact.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Courts may

not dismiss on the ground that it appears unlikely the allegations can be proven.  *Robbins*, 519

F.3d at 1247.

Rule 12(e) authorizes parties to move for a more definite statement; it does not authorize

dismissal as Herzer's Motion asserts, so Herzer's Motion must be denied in that respect.

## II.     Midwest Drywall has brought a claim against all defendants, including Defendant Herzer, for civil conspiracy.

The claim for civil conspiracy is brought by all plaintiffs against all defendants.  (Am.

Compl. 103 - 106)  As Herzer acknowledges in his motion, it refers to "defendants," plural.

Herzer could have avoided the expense of filing a motion with a telephone call.  Nonetheless,

Midwest Drywall submits this response and incorporates by reference Midwest Drywall's

Response to Defendants' Motion to Dismiss JNS Construction Services, which will be filed

contemporaneously with this response.  That response states that plaintiffs intend to file a motion

for leave to file a second amended complaint which would include facts that further support the

claim.  In addition to the facts summarized in the response to JNS' motion, the Second Amended

Complaint will state that:

> The civil conspiracy claim is brought against Herzer as well as the other defendants
>
> Herzer signed documents submitted to the Department of Labor in support of JNS' application for Alien Employment Certification for H2-B Workers (the individual plaintiffs).  Those documents falsely stated that Midwest was JNS' client and included the letter purporting to be from Midwest Drywall that also contained false statements.
>
> Herzer was the principal of JNS and acted for his personal benefit as well as on behalf of JNS.

Herzer's Motion argues, without citing authority, that "Surely the facts as plead do not support personal liability, as Plaintiffs do not assert any alter ego allegations." Herzer Motion p.5 ¶ 1. As a matter of law, plaintiffs need not assert or prove that Mr. Herzer is the alter ego of any other defendant in order to state a claim and recover against him for civil conspiracy. Nothing in the record suggests a relationship between Mr. Herzer and the other defendants that would require pleading and proof of alter ego status.

The Amended Complaint has sufficiently pled claims upon which relief can be granted for the plaintiffs and against the defendants and Midwest Drywall respectfully requests that the Herzer Motion be denied.

DATED June 6, 2008

Respectfully submitted,

s/ Bruce Anderson
Bruce Anderson
Kenneth R. Stettner
Stettner Miller, P.C.
1050 17th Street
Suite 700
Denver, Colorado 80265-2008
303.534.0273
303.534.5036(facsimile)
E-Mails: banderson@stetmil.com/
kstettner@stetmil.com
Attorneys for Midwest Drywall
Company, Inc.

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Donald Kaufman: | kaufman@coloradoattorney.com |
| Charles Kimball: | knpc@qwest.net |
| Kristi Blumhardt: | kblumhardt@mdmlawco.com |
| Victor M. Morales: | vmorales@mdmlawco.com |
| C. Adam Foster: | afoster@mdmlawco.com |

s/ Kimberly Hanson
Kimberly Hanson