IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, JESUS ALBERTO MARINES CARREON, RAUL RIOS SOLIS, PABLO PACHECO DEL REAL, ANTONIO RODARTE GARAMENDI, ERNESTO ALVAREZ SALINAS, JUAN GABRIEL ALEJANDRO RAMIREZ, MANUEL MIJANGOS, JOSE LUIS RUBIO CHAVARRIA, JOSE JESUS VALTIERRA MONTOYA, NICOLAS HERNANDEZ HERNANDEZ, JULIAN FERIA ACOSTA, ROBERTO CARLOS BERNAL CHAVEZ, JESUS GERARDO CUETO LOPEZ, AURELIO CARRILLO HERNANDEZ, MARTIN OLIVA PONCE, GABRIEL MARTINEZ PONCE, ANTONIO CARRILLO HERNANDEZ, SILVANO GARCIA VEGA, CHRISTIAN OSUNA RAMOS, LEOPOLDO ZARCA GONZALEZ, LUIS MATA LOPEZ, JOSE PAZ AGUIRRE HERNANDEZ, PEDRO VARGAS LEDESMA, ANGEL GEOVANNI DURAN NAVARRO, PABLO SANCHEZ REYES, RICARDO ROJO COVARRUBIAS, JORGE ROJO COVARRUBIAS, JUAN SARABIA MENDEZ, PABLO LUNA TORRES, MARTIN ALEJANDRE HERNANDEZ, JUAN GERARDO ALVARADO GATICA, MIGUEL ANGEL BELTRAN ACEVEDO, JOSE DE JESUS GOMEZ GALVAN, MARTIN BARRON VERA, DAVID GUDINO CHAVARRIA, GERMAN MARTINEZ HERNANDEZ, JOEL AGUILAR TORRES, ARMANDO ORTIZ RUBIO, CALIXTRO OVANDO LIMA; RODOLFO DELGADO RODRIGUEZ, RAMON RODRIGUEZ ARAGUZ, ARTEMIO GARCIA MELO, ANTONIO MONCADA RICO, MIGUEEL ANGEL CASTANDEDA MARTINEZ, ORACIO RAMIREZ MARTINEZ, LINDOLFO MARTINEZ CASTRO, RAMIRO AVALOS AMACHO, MARTIN JAIME DURAN MARIN, DANIEL HECTOR DAVILA MARTINEZ, ANSELMO BARRIOS VALDEZ, LUIS ALBERTO DAMIAN ARROYO, FRANCISCO NEGRETE CAMACHO, JUAN LUCIANO ORTIZ DUARTE, DANIEL MORENO VERA, JORGE FLORES BALTAZAR, MARIO ARMANDO FLORES BALTAZAR, EDGAR ESTEBAN RODRIGUEZ HERNANDEZ, PABLO CESAR AGUILAR DIAZ, ALEJANDRO ZUNIGA, SANTIAGO MENDOZA RAMIREZ, FEDERICO GONZALEZ CHANTACA, FERMIN RIVERA GUZMAN, MIGUEL ANGEL GUZMAN ESCOGIDO, RODRIGO HERNANDEZ CAHUICH, VICTOR DANIEL BARRIOS RANGEL, DAVID ARENAS MUNIZ,  RICARDO GOZALEZ MIRANDA; and MIDWEST DRYWALL COMPANY, INC.,

Plaintiffs,

v.

JNS CONSTRUCTION SERVICES, LLC, JOHN HERZER, LENO & COMPANY, LLC,
and LENO ASEUDO,

Defendants.

### DEFENDANT JOHN HERZER'S REPLY IN SUPPORT OF HIS
### MOTION TO DISMISS

COMES NOW, Victor Morales, Kristi L. Blumhardt, and C. Adam Foster, of the law firm of MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, on behalf of Defendant John Herzer ("Herzer"), and herein submits his Reply in Support of Herzer's Motion to Dismiss and states as follows:

**I.     ARGUMENT**

Plaintiffs' Response Briefs do not clarify or cure the problems identified by Herzer in his Motion to Dismiss. If anything, individual Plaintiffs' Response only illustrates the problems with individual Plaintiffs' allegations.

When served with a complaint most defendants will ask themselves a simple question: "What is it that the Plaintiff says I did wrong?" The upshot of the Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) is that a defendant should be able to answer this question based purely on the information contained in the four corners of the complaint, and without conjecture or reference to outside information. Here, the only place where Herzer is identified as having individual or personal liability is in relation to Count I, unpaid wages and statutory penalties under the Colorado Wage Act. This statutory act does not confer individual liability upon officers, such as Herzer, of a company. Indeed, only in extraordinary circumstances is the corporate form disregarded such that personal liability is conferred upon an individual. *Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003). Such extraordinary circumstances are not

2

alleged in the Amended Complaint and thus Herzer should be dismissed from this case altogether.

Individual Plaintiffs respond that the Amended Complaint (Docket No. 23) states many specific facts regarding Herzer's conduct. However, the facts or allegations mentioned in their Response Brief (Docket No. 50) are not contained in the Amended Complaint. For example individual Plaintiffs argue in their Response Brief that "John Herzer filed false, forged, and fraudulent documents with the Department of Labor deceitfully declaring that he was employing the 68 Mexican Worker Plaintiffs on behalf of Plaintiff Midwest." (Plaintiffs' Response, p.2) They also argue that "He was the 'master mind' behind the forgery, the fraud and the bad acts. In Colorado he was the Employer. The Mexican Worker Plaintiffs were hired, transported and under the control of Herzer, individually." (Plaintiffs' Response, p.6 ) None of these statements or allegations are contained in the Amended Complaint.[1] Rather, the Amended Complaint asserts that "**JNS recruited** the individual Plaintiffs **and hired Plaintiffs** to come from Mexico to live and work in Glenwood Springs, Colorado as temporary employees. Also in furtherance of the contract to hire individual Plaintiffs, **JNS filed paperwork and obtained visas** for each of the individual Plaintiffs, and in addition **filed additional documents with Governmental agencies**." (emphasis added) (Amended Complaint, ¶ 34)

Further, liability is not automatically conferred upon Herzer simply because he was an officer or agent of JNS and thus, as Plaintiffs allege, "responsible" for JNS. In order for individual liability to attach to Herzer, Plaintiffs must plead facts supporting a

---

[1] Indeed, the vast majority of allegations contained in Plaintiffs' Response Brief are not contained in the Amended Complaint.

claim that the corporate veil of JNS should be pierced. Again, no such facts or claim is set out in the Amended Complaint. If Herzer acted outside of his corporate authority, as argued in individual Plaintiffs' Response, by committing fraud, that fraud must be plead with specificity. Fed.R.Civ.P. 9(b). Making a conclusory allegation that one "defrauded" another is not enough. This is because claims such as fraud have a stigmatizing effect on defendants and their reputations.

As noted in *Queen Uno Ltd. Partnership v. Couer D'Alene Mines Corp.*, 2 F. Supp. 2d 1345, 1352-53 (D. Colo. 1998):

> Notwithstanding the Tenth Circuit's strict enforcement of Rule 9(b)'s particularity requirement, district courts considering the sufficiency of a complaint under Rule 9(b) have been directed to bear in mind the dual purposes the rule was designed to serve. … First, the rule was intended to afford a defendant fair notice of a plaintiff's claims and the factual grounds upon which those claims rest. … Second, the rule was designed to safeguard a defendant's reputation from irreparable damage due to improvident charges of wrongdoing.

(citations omitted). If Plaintiffs are asserting claims of fraud or claims sounding in fraud against Herzer as an individual, those claims must be plead with specificity under Rule 9(b). Plaintiffs have not done so in the Amended Complaint or, for that matter, in the proposed Second Amended Complaint.

By way of example, Plaintiffs argue in the Response Brief that very specific allegations are made in certain paragraphs as to Herzer's "unscrupulous undertakings." (Plaintiffs' Response, p. 2) One such paragraph is 23. (Id.) This specific paragraph states as follows:

> The Defendants' actions as described in paragraph 26 constitute forced labor and/or trafficking into servitude as

4

> defined by the <u>Trafficking Victims Protection Reauthorization Act</u>, contravening the policies and purposes of that Act. The trafficking of human beings is the recruitment, transportation, harboring, or receipt of people for the purpose of exploitation. Trafficking victims typically are recruited using coercion, deception and **<u>fraud</u>**, **<u>the abuse of power</u>**. The actions, threats and economic leverage caused the individual. Plaintiffs to consent to the exploitation.

(Amended Complaint, ¶ 23)  Paragraph 26 of the Amended Complaint, which presumably contains the acts which constitute Human Trafficking, alleges the following:

> The Defendants did not issue accurate and complete records regarding the employment of the individual Plaintiffs. The records the Defendants kept of the individual Plaintiffs' work were inadequate, inaccurate, false and misleading.

(Amended Complaint, ¶ 26)  Any act allegedly committed by Herzer in this set of allegations is unclear. Paragraph 24 includes the word "fraud" but specific allegations setting out the fraudulent acts are not identified.  Herzer is left to guess as to which acts he allegedly performed outside of his role as the Managing Member of JNS or which acts he accomplished as opposed to any of the other Defendants –such that JNS's corporate veil may be pierced and personal liability attached to Herzer.  Herzer does not have fair notice of those claims as to the who, what, when, and where of this alleged fraud underlying those claims.

Plaintiffs also argue that they need not present "evidence" to support their claims. (Plaintiffs' Response, p. 4)  Herzer does not argue that "evidence" must be presented. But serious allegations such as fraud, allegations that impact Herzer's reputation, must be identified with specificity, and surely must be supported by evidence down the road, lest Rule 11 be violated.  As it stands now, the Amended Complaint if filled with a hodge

5

podge of allegations against four separate Defendants. The Amended Complaint does not separate who Plaintiffs allege did what or who is responsible for which claims. *Rose v. Kinevan*, 115 F.R.D. 250, 252 (D. Colo. 1987) (dismissing claims under Rule 12(e) as "plaintiff's amended complaint does not provide adequate notice to each defendant of the claim or claims to which that particular defendant is being held accountable.")

Last, Midwest argues that it asserted a Civil Conspiracy claim against Herzer as an individual. This is not clear either through the allegations or the claim for relief Count VIII. This claim only sets forth the elements of a conspiracy claim. The words, conduct, unlawful goal and unlawful means are not identified. As stated in *Twombly*, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65. Midwest and individual Plaintiffs' Civil Conspiracy claim does not meet this standard.

**II.     CONCLUSION**

Herzer should be dismissed from this action as the Amended Complaint contains only one allegation or claim against him as an individual – Count I, unpaid wages. Colorado's Wage Act does not provide for individual liability of corporate officers and Plaintiffs' do not assert facts such that individual liability should attach. Additionally, Plaintiffs argue that Herzer is individually liable for all of the Defendants acts, but do not allege facts or law that support such a position. Moreover, Plaintiffs assert that the Amended Complaint contains a multitude of factual allegations against Herzer as an individual but a plain reading of the Amended Complaint reveals those factual allegations are not asserted. As such, Herzer should be dismissed from this case.

WHEREFORE, Herzer respectfully requests this Court grant his Motion to Dismiss and award him the attorneys' fees and costs he has incurred and such other relief this Court deems proper.

DATED this 23rd day of June, 2008.

*s/ Kristi L. Blumhardt*
_____
Kristi L. Blumhardt
MCELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
Tele: (303) 293-8800
*Attorneys for Defendants JNS Constructions Services, LLC and John Herzer*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Donald J. Kaufman
kaufman@coloradoattorney.com
Kaufman & Kaufman, LLC
*Attorneys for Plaintiffs*

Kenneth R. Stettner
Bruce Anderson
banderson@stetmil.com
Stettner Miller, P.C.
*Attorneys for Midwest Drywall Company, Inc.*

*s/ Kristi L. Blumhardt*
_____
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
Tele: (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmlawco.com