## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 08-cv-00461-DME-CBS**
**Date: October 2, 2008**

MARION FACUNDO BORREGO BRIONES, *et al.*,

**Plaintiffs,**

v.

JNS CONSTRUCTION SERVICES, LLC, *et al.*,

**Defendants.**

Donald J. Kaufman
Bruce C. Anderson

C. Adam Foster
Kristi L. Blumhardt
Charles J. Kimball

## MOTION TO ENFORCE THE SETTLEMENT AGREEMENT
## AND FOR OTHER RELIEF

COMES NOW, Donald J. Kaufman on behalf of the Mexican Worker Plaintiffs, and Respectfully request that this Court enforce the settlement agreement signed by all of the parties, and in support state as follows:

### Certificate of Conferral Pursuant to D.C.Colo.LCivR 7.1

The undersigned counsel has conferred with the counsels for defendants Charles Kimball, of Kimball & Nestor, P.C., counsel for defendants Leno & Company LLC and Leno Aseudo; and Kristi, and Kristi L. Blumhardt, of the law firm of MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, counsel for the Defendants JNS Construction and John Herzer, and none of the defendants have declared an objection to the Plaintiff's filing a Motion to enforce the settlement agreement. Bruce Anderson of Stettner Miller, P.C., and counsel for the plaintiff Midwest Drywall Co., Inc. has no objection.

**Basis for Requested Relief**

1. A Settlement Conference was held at the request of all of the parties on July 16, 2008.

2. An offer was made by the defendants to pay an amount found in the settlement agreement.  The plaintiffs accepted the defendants offer.

3. The Court, on the record, advised the parties of the tentative settlement agreement which was approved.

4. The Court questioned plaintiffs, on the record, as to their understanding and agreement with the exact terms as stated, by the judge.  The plaintiffs articulated, on the record a thorough and complete understanding of all the terms of the settlement.

5. The Court questioned defendants as to their understanding and agreement with the terms as stated.  The defendants articulated, on the record a thorough and complete understanding of all of the terms of the settlement.

6. The Court requested confirmation from all parties, to express their understanding of an agreement with the terms as the Court has stated, and all participants indicate in the affirmative identical understanding.  The defendants indicated to the court that they would reduce the understanding of the parties to a written agreement.  The defendants expressed the terms, in strict accordance with the agreement of the parties as stated by the court on the record, in a formal written contract signed by all of the parties.  The executed settlement agreement has been e-mailed to Judge Schaffer's Chambers, at Shaffer_Chambers@cod.uscourts.gov  pursuant to the: "ORDER SETTING

Page **2** of **8**

RULE 16(b) SCHEDULING CONFERENCE AND RULE 26(f) PLANNING MEETING" dated March 18th, 2008 by Judge Schaffer.  All of the parties have the executed agreement.

7. Counsels for the parties have approved the form and terms of the settlement agreement executed by all parties.  The terms of the agreement are not in dispute.

8. The parties agreed to keep the terms of the agreement confidential and this motion does not disclose the dollar amount of the agreement, any indirect description or implication of the amounts involved.  The plaintiffs only represent the recorded and admitted fact that the undisclosed dollar amount has not been paid to the plaintiffs.  It is not disputed that the undisclosed dollar amount has not been paid and the executed settlement documents have been e-mailed to Judge Shaffer's Chambers to avoid any risk of disclosure to any non-party.

9. The defendants agreed, in the writing that they drew, to pay the plaintiffs the amount found in the confidential settlement agreement, upon execution of the contract.  The settlement funds were due on August 4, 2008.

10. The defendants did not pay the monies promised and owed upon execution of the settlement agreement to the plaintiffs and requested relief from the court in the form of a continuance to pay the plaintiffs the monies owed pursuant to the agreement.   The plaintiffs confessed the motion on the condition the monies would be paid as promised.

11. The court granted the defendant's, (JNS Construction Services and John Herzer's), Motion for Extension of Time to file a "Stipulated Motion for Dismissal"

(*doc. no. 71*). The court set the deadline for parties to submit dismissal paperwork as "on or before August 15, 2008."

12. The defendants did not pay the monies as promised and the parties did not submit dismissal paperwork as ordered on August 15, 2008.  Instead the defendants requested another continuance and again stipulated that the parties had executed and signed settlement documents that the agreement was not in dispute, only that the defendants were either unwilling or unable to keep the promise to pay the defendants pursuant to the settlement agreement drawn by the defendants.  The defendants prayed for more time and were granted another continuance until August 31, 2008.

13. The Court issued a Minute Order that: "Defendants JNS Construction Services, LLC and John Herzer's Motion for Extension of Time to File Stipulated Motion for Dismissal [filed August 15, 2008; doc. 75] is granted for the reasons stated on the record. The parties shall file a stipulated motion to dismiss by August 31, 2008. No further extensions shall be granted."

14. Another status conference was ordered by the Court on September 22, 2008. Counsel discussed with the court the issues surrounding the failure of the parties to file a stipulated motion to dismiss by the deadline. Defendants' counsel indicated that the Defendant Herzer was having problems obtaining the financing to make the agreed upon settlement payment.  The Judge insisted that Judge Ebel had an active law suit on the docket and that He intended to move this process forward.  It was ordered that: "**Plaintiffs' counsel shall file a motion to enforce settlement or a motion to amend the complaint by October 6, 2008**."

15. A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)  Issues involving the enforceability of a settlement agreement are resolved by applying state law. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000). Under Kansas law, "in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." *Krantz v. Univ. of Kan.*, 21 P.3d 561, 567 (Kan. 2001). Similarly, a "mere mistake of fact on the part of one of the parties to a release, in the absence of fraud, duress, undue influence, or mental incapacity, is not sufficient ground for the avoidance of a release." *Fieser v. Stinnett*, 509 P.2d 1156, 1160-61 (Kan. 1973).

16. It is well established that a Federal District Court has the inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (quotations omitted). However, this power only extends to "bad faith conduct *in litigation.*" *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1317 (10th Cir. 2000) (emphasis in original).  As set forth above, the record supports a  claim that the defendants acted in bad faith before the district court by making a promise to pay the plaintiffs pursuant to the agreement without the ability and/or intention to do so.

17. The defendants' continued and chronic failure to comply with the terms of the Settlement Agreement, that they drew, and executed, is a bad faith, vexatious and a wanton abuse of the Judicial Process.  Valuable time has been wasted and resources have exhausted as a direct result of the defendant's default.  The

defendants made a promise that they could not keep or do not intend to hold. This failure is inexcusable and unacceptable, particularly where the Defendants have had two months to come into compliance with their pledge to the parties and the court.

18. The plaintiffs are: tragically poor, desperate and in no position to re-negotiate this binding contract.  The settlement agreement is a binding contract, born in this court, articulated on the record, drawn by the defendants who defaulted and signed by all of the parties.  At worst the defendants are intentionally taking advantage of the extreme poverty of the defendants by abusing the judicial process and the fairness of the court, at best they are in default of a binding settlement agreement of this court.

**Conclusion**

19. WHEREFORE, the 68 Mexican Worker Plaintiffs request that the Court:

   a. Grant this motion and find that the Defendants are not in compliance with the terms of the Settlement Agreement filed by e-mail, under seal, with the court;

   b. Enter such orders as necessary to compel compliance with the letter and spirit of the Settlement Agreement filed with the court;

   c. Reduce the terms of the Settlement Agreement to an order of the court and ordering the defendants to comply with the terms of the agreement drawn by the defendants;

d.  Award the Plaintiffs reasonable attorneys' fees and costs for the time

spent enforcing the settlement agreement after the defendants

defaulted on the agreement ; and

e.  Grant such other and further relief in favor of the Plaintiffs deemed just

and necessary to enforce the settlement agreement.

DATED this 10/2/2008 3:32:30 PM.

/es/ Donald J. Kaufman
_____
Penrose Plaza
2520 South Grand Avenue, Suite 110
Glenwood Springs, Colorado 81601-4195
(970) 947-1776 Fax (970) 384-1776 Cell (970) 309-1776
*Attorney for Mexican Plaintiff Workers*

## CERTIFICATE OF SERVICE

I hereby certify that on this Thursday, October 02, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addressed:

**Charles J. Kimball**
Kimball & Nespor, P.C.
5400 Ward Road
Building III
#150
Arvada, CO 80002
303-940-3335
303-940-8832 (fax)
knpc@qwest.net
  *Assigned: 04/02/2008*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*

**Victor M. Morales**
McElroy, Deutsch, Mulvaney & Carpenter, LLP-Denver
1700 Broadway

Mile High Center
#1900
Denver, CO 80290-1901
303-293-8800
303-839-0036 (fax)
vmorales@mdmlawco.com
 *Assigned: 05/12/2008*

**C. Adam Foster**
McElroy, Deutsch, Mulvaney & Carpenter, LLP-Denver
1700 Broadway
Mile High Center
#1900
Denver, CO 80290-1901
303-293-8800
303-839-0036 (fax)
afoster@mdmlawco.com
 *Assigned: 05/12/2008*

**Kristi Lynn Blumhardt**
McElroy, Deutsch, Mulvaney & Carpenter, LLP-Denver
1700 Broadway
Mile High Center
#1900
Denver, CO 80290-1901
303-293-8800
303-839-0036 (fax)
kblumhardt@mdmlawco.com
 *Assigned: 05/12/2008*

**Bruce Charles Anderson**
Stettner Miller, P.C.
1050 17th Street
Independence Plaza
#700
Denver, CO 80265-2008
303-534-0273
303-534-5036 (fax)
banderson@stetmil.com
 *Assigned: 04/02/2008*
 *ATTORNEY TO BE NOTICED*