IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00461-DME-CBS

MARIO FACUNDO BORREGO BRIONES, *et. al.*,
    Plaintiffs,
v.

JNS CONSTRUCTION SERVICES, LLC, *et. al.*,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the Plaintiffs' "Motion to Enforce the Settlement Agreement and for Other Relief" (filed October 2, 2008) (doc. #83), the "Motion to Withdraw as Attorneys of Record for JNS Construction Services, LLC and John Herzer" (filed November 3, 2008) (doc. #99), and the Plaintiffs' "Objection to the Motion to Withdraw" (filed November 6, 2008) (doc. #102). Pursuant to the Order of Reference dated March 14, 2008 (doc. #6) and the memoranda dated October 3, 2008 (doc. #84) and November 6, 2008 (doc. #101), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the "Response of Leno & Company, LLC and Leno Aseudo to Motion to Enforce the Settlement Agreement and for Other Relief" (filed October 7, 2008) (doc. #85), "Defendants JNS Construction Services, LLC and John Herzer's Response to Motion to Enforce the Settlement Agreement and for Other Relief," (filed October 22, 2008),[1] the "Reply to JNS Construction Services, LLC's Response to Plaintiffs' Motion to

---

[1] Filed under seal (doc. #93)

1

Enforce the Settlement Agreement" (filed October 23, 2008) (doc. #96), the "Reply to the Defendants' Response to Plaintiffs' Motion to Enforce the Settlement Agreement" (filed October 24, 2008) (doc. #97), the settlement agreement,[2] the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.   Statement of the Case

Plaintiffs filed the instant action on January 24, 2008, and Defendants removed it to the United States District Court for the District of Colorado. (*See* doc. #1). Plaintiffs alleged that Defendants promised them work upon their arrival in the United States from Mexico, but that they were paid little to nothing and were virtually abandoned by Defendants when they arrived. (*See* Amended Complaint (doc. #23) at p. 2 of 25). On July 16, 2008, the parties reached a settlement agreement. (*See* doc. #69). The terms of the Settlement Agreement filed with the court under seal provide that Defendants shall pay Plaintiffs a stipulated sum. (*See* doc. #90 [under seal]). Plaintiffs' counsel, Midwest Drywall Co., Midwest Drywall Co.'s counsel, JNS Construction Services, LLC, John Herzer, JNS Construction Company, LLC and John Herzer's counsel, Leno & Company, LLC, Leno Aseudo, and Leno & Company, LLC and Leno Aseudo's counsel all signed the settlement agreement.

On August 4, 2008, Defendant JNS Construction Services, LLC filed a "Motion for Extension of Time to File Stipulated Motion for Dismissal" in an effort to gain additional time to pay Plaintiffs the settlement amount, and the court granted the motion. (*See* doc. #71;

---

[2]   Under seal (doc. #90)

*see also* doc. #73). On August 15, 2008, Defendants JNS Construction Services, LLC and John Herzer requested another continuance until August 31, 2008 due to difficulty in obtaining funds, and the court granted it, noting however that no further extensions would be granted. (*See* doc. #75 at p. 3 of 5; *see also* doc. #78). It is undisputed that Defendants did not pay Plaintiffs any monies by the August 31, 2008 deadline. (*See* doc. #83 at p. 4 of 8). The parties participated in a status conference on September 22, 2008 to discuss with the court the failure of the parties to file a stipulated motion to dismiss as well as the Defendants' inability to make the settlement payment. (*See* doc. #83 at p. 4 of 8). The court ordered the Plaintiffs to file either a motion to enforce the settlement agreement or a motion to amend the complaint, and on October 2, 2008, Plaintiffs filed the pending "Motion to Enforce Settlement Agreement and for Other Relief." (*See* doc. #82; *see also* doc. #83).

II.     Analysis

"Issues involving . . . purported settlement agreement[s] are resolved by applying state contract law." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)). Therefore, the court must look to Colorado contract law to decide the instant matter.

Settlement agreements may be "governed by and found enforceable under common law contract principles." *Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo. 2008). In reviewing the contract, the court has an obligation to effectuate the intent of the parties to the settlement agreement "according to the plain language and meaning of the contract." *Chandler-McPhail v. Duffey*, 194 P.3d 434, 438 (Colo. App. 2008). The court will "enforce

3

the contract as written unless there is an ambiguity in the language." *Id.* The court finds no apparent ambiguity in the plain language of the settlement agreement at hand, and no party has indicated or argued that any exists.

When the terms of the contract are unambiguous and are negotiated and accepted by the parties, the court may consider the settlement as an enforceable contract. *See Yaekle*, 195 P.3d at 1111; *see also Shoels*, 375 F.3d at 1054 (noting that trial courts have the power to enforce settlement agreements entered into by litigants). "If, however, the terms or existence of the settlement are in dispute, an evidentiary hearing is required." *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App. 2001). Here, the parties orally negotiated and accepted a settlement agreement on July 16, 2008, and reduced the agreement to an unambiguous written contract which was signed by all parties. Further, the court asked all parties whether an evidentiary hearing regarding the settlement agreement was necessary to resolve any dispute, and all parties responded in the negative. (*See* Courtroom Minutes/Minute Order (doc. #105)). Therefore, the settlement agreement and its terms are enforceable.

JNS Construction Services, LLC, Leno & Company, LLC, Leno Aseudo, and John Herzer raise the issue of their subsequent inability to pay according to the terms and amount set forth in the sealed Settlement Agreement. However, it is well-established that financial inability to pay is an insufficient reason to excuse a party from its obligations under a contract that was freely negotiated and entered into. *See Newhouser v. Sancetta*, 402 P.2d 613, 614-15 (Colo. 1965) (noting that a party cannot be relieved from the provisions of a contract simply because it is unable to perform its obligation due to financial incapacity); *Magnetic Copy Services, Inc. v. Seismic Specialists, Inc.*, 805 P.2d 1161, 1165

4

(Colo. App. 1990) (stating the general rule that a change in economic circumstances does not excuse performance of a contract); *Ruff v. Yuma County Transp. Co.*, 690 P.2d 1296, 1298 (Colo. App. 1984) (noting that a change in economic conditions does not provide a basis for rescission of a contract). Accordingly, Defendants' stated inability to pay the settlement amount does not excuse them from their contractual obligations under the Settlement Agreement, as all parties freely entered into and signed a valid contract.

Finally, Plaintiffs allege the Defendants acted in bad faith and accordingly seek attorney's fees and costs. The settlement agreement indicates that all parties agreed to assume their own fees and costs. "An award of attorney's fees under the bad faith exception . . . is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981) (further quotation and citation omitted). *See also F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (noting that an award of attorney's fees under the bad faith exception is appropriate only in rare circumstances). There is insufficient evidence before the court of such bad faith on the part of the Defendants that would support an award of attorney's fees and costs.

Accordingly,

IT IS RECOMMENDED that Plaintiffs' "Motion to Enforce the Settlement Agreement and for Other Relief" (filed October 2, 2008) (doc. #83) be GRANTED to the extent that the stipulated amount set forth at page 3, paragraph 2 of the settlement agreement (doc. #90 [under seal]) be reduced to a judgment in favor of all Plaintiffs and against all Defendants.

Further, IT IS ORDERED that the "Motion to Withdraw as Attorneys of Record for

JNS Construction Services, LLC and John Herzer" (filed November 3, 2008) (doc. #99) is GRANTED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d

1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of March, 2009.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge